## Commonwealth v. Jenkins

*Robert Eberhart,* for the commonwealth.
*Dennis I. Turner,* for defendant.

HORGOS, *J.,* June 5, 1986—Petitioner was charged with one count of simple assault and the summary offense of harassment. He was tried by jury on the count of simple assault and was found not guilty on February 24, 1984. On February 27, 1984, the trial court, sitting as a magistrate, found petitioner guilty of the summary offense of harassment. Petitioner was sentenced to a period of 90 days' imprisonment, which had already been served at the time of sentencing. The Superior Court affirmed the judgment of sentence on June 21, 1985: *Commonwealth v. Marshall Jenkins,* no. 1045, Pittsburgh, 1984.

Petitioner subsequently filed a petition for relief pursuant to the Post Conviction Hearing Act. On August 23, 1985, the court dismissed the petition because petitioner is not eligible for relief under the Post Conviction Hearing Act, 42 Pa.C.S. §9541, et seq., because the Post Conviction Hearing Act does not apply to defendants convicted of summary offenses.

On September 17, 1985, petitioner filed an application for leave to proceed in forma pauperis and for appointment of counsel. The court denied the petition on the ground that because petitioner is ineligible for relief pursuant to the Post Conviction Hearing Act, he is also ineligible for court-appointed counsel to pursue that relief. By order of March 17, 1986, the court granted petitioner leave to proceed

in forma pauperis for the purpose of prosecuting his appeal from the order of August 23, 1985.

On May 8, 1986, the Superior Court entered the following order in this matter:

"And now, to wit, this 8th day of May, 1986, the motion for appointment of counsel is hereby referred to the trial court for reconsideration in light of *Commonwealth v. Markley,* 348 Pa. Super. 194, 501 A.2d 1137 (1985) and cases cited therein, and for a determinaton of whether appellant has alleged sufficient collateral consequences to support the filing of P.C.H.A. petition. Per Curiam."

Upon reconsideration of petitioner's motion for appointment of counsel and his petition under the Post Conviction Hearing Act pursuant to the order of the Superior Court and in light of that court's guidelines enunciated in *Markley,* supra, the court denies the petition for appointment of counsel and dismisses the petition for relief under the Post Conviction Hearing Act for the reasons set forth herein.

For purposes of clarity, a review of the facts and procedural history of this case is in order.

Petitioner was arrested and charged with simple assault and harassment. Following a trial by jury in which petitioner was represented by James Herb, Esq., the jury returned a verdict of not guilty on the simple assault charge. On February 27, 1984, the trial court, sitting as a magistrate, found petitioner guilty of the summary offense of harassment and sentenced petitioner to a 90-day term of imprisonment. Petitioner had already served the 90-day term prior to sentencing.

Timely post-trial motions were filed by petitioner and, after oral argument, denied by the court on April 18, 1984. After the time for filing an appeal to the Superior Court had expired, petitioner filed his first petition for relief pursuant to the Post Convic-

tion Hearing Act. On July 9, 1984, this court granted petitioner leave to effect an appeal to the Superior Court within 30 days. Petitioner's appeal followed in which he continued to be represented by trial counsel, and the Superior Court affirmed the judgment of sentence in a per curiam order accompanied by a memorandum opinion: *Commonwealth v. Marshall Jenkins,* no. 1045 Pittsburgh, 1984.

The charges arose from an incident which occurred on August 26, 1983. At trial, the victim testified that on that date petitioner had driven her to her home following a party. She stated that when they arrived in front of her apartment in petitioner's automobile, petitioner, with no provocation suddenly grabbed her and choked her. She further testified that despite her repeated screams and efforts to strike and kick petitioner, he continued using both of his hands to choke her to the extent that she was afraid that she was going to die because she was unable to breathe.

Adele Ridgway, the victim's neighbor, testified that on the night in question she heard the victim scream and saw petitioner and the victim engaged in a struggle in the car. She also stated that she saw evidence of the physical injuries sustained by the victim as a result of that struggle. Two additional neighbors testified that they heard the victim scream and observed the struggle between the victim and petitioner in petitioner's car.

In its opinion filed on October 16, 1984, the court stated that it convicted petitioner on the totality of the evidence and noted that the conviction on the summary offense harassment could well have been sustained solely on the basis of petitioner's own testimony.

The matter again came before this court when petitioner filed a second petition for relief pursuant to

the Post Conviction Hearing Act, alleging that his conviction of the summary offense of harassment was the result of ineffective assistance of counsel. On August 23, 1985, the court dismissed the petition on the ground that petitioner is not eligible for relief under the Post Conviction Hearing Act because that act is not applicable to convictions for summary offenses.

An opinion, stating the reasons for the court's denial of the petition under the Post Conviction Hearing Act was filed on December 16, 1985. In that opinion, the court stated that the Post Conviction Hearing Act was not intended to apply to summary proceedings.

Petitioner then filed a petition for leave to file and proceed on appeal in forma pauperis and for the appointment of counsel. The court denied that petition on May 19, 1985. The court subsequently granted that part of the petition for leave to proceed in forma pauperis by court order dated March 17, 1986. On May 8, 1986, the Superior Court entered the order quoted in full above, referring petitioner's motion for appointment of counsel to this court for reconsideration in light of *Markley,* supra, and for a determination of whether appellant has alleged sufficient collateral consequences to support the filing of a Post Conviction Hearing Act Petition.

In *Markley,* supra, the court traced the development of the doctrine of collateral consequences. That doctrine permits a defendant to challenge a conviction which results in collateral criminal, civil or social consequences when that challenge would otherwise be moot under the Post Conviction Hearing Act.

The Post Conviction Hearing Act provides that to be eligible for relief a person must show that he has been convicted of a crime and that he is incarcer-

ated in this commonwealth under a sentence of death or imprisonment or on probation or parole: 42 Pa.C.S. §9543(1), (2). Prior to 1966, courts in Pennsylvania denied relief to defendants who were not incarcerated or on probation or parole at the time of review on the ground that a petition was moot under the terms of the statute. The Pennsylvania Supreme Court, however, modified the statutory requirement that a petitioner be incarcerated or on probation or parole at the time his petition is reviewed in *Commonwealth ex rel. Ulmer v. Rundle,* 421 Pa. 40, 218 A.2d 233 (1966). In *Ulmer,* the sentence imposed on the allegedly invalid conviction had expired. The court held that because the original conviction would affect the duration of subsequent sentences imposed on separate crimes, the habeas corpus petition was not moot.

In *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A.2d 465 (1971), defendant challenged a 1963 conviction for driving under the influence. He had satisfied his sentence by payment of a fine. Five years after the original conviction, defendant was again arrested for driving under the influence. Because defendant could be subjected to a more serious penalty as a second offender, the Pennsylvania Supreme Court held that defendant's post-verdict challenge to his original conviction was not moot. The court held that despite the fact that defendant had satisfied his sentence, the possibility that he might be subjected to a harsher penalty as a second offender was a collateral criminal consequence sufficient to prevent his collateral attack from being moot.

The Pennsylvania Supreme Court has further expanded the doctrine of collateral consequences to allow a challenge to a previous conviction which would otherwise be moot when there is a possibility

that collateral social or civil consequences will result from the challenged conviction: *Commonwealth v. Doris,* 468 Pa. 534, 364 A.2d 322 (1976); *Commonwealth v. Rohde,* 485 Pa. 404, 402 A.2d 1025 (1979).

Finally, in *Markley,* supra, the Pennsylvania Superior Court examined the federal decisions regarding the parameters of the collateral-consequences doctrine in order to establish guidelines for determining social and civil consequences which would be sufficient to avoid dismissal of Post Conviction Hearing Act Petitions on grounds of mootness. In *Markley,* petitioner had been convicted of three counts of theft by deception and one count of issuing a bad check. At the time of the evidentiary hearing, petitioner had completed his sentence and was not on probation or parole. The trial court determined that petitioner was not in danger of severe civil or social consequences as a result of the conviction and dismissed his petition on the ground that it had become moot. The Superior Court reversed, stating that the authorization for use of petitioner's conviction to impeach his character at a subsequent criminal or civil proceeding is a legal disability which is sufficient to preclude his Post Conviction Hearing Act petition from being dismissed as moot. *Id.* at \_\_\_\_, 351 A.2d at 1143. The court quoted the United States Supreme Court in order to show the very broad application of the doctrine of collateral consequences utilized by the United States Supreme Court: ". . . a criminal case is moot only if it is shown that there is *no* possibility that *any* collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York,* 392 U.S. 42, 88 S. Ct. 1889, 20 L.Ed. 2d 917 (1968).

It is initially noted that the instant case may be distinguished from *Markley,* and the state and fed-

eral cases discussed therein in that this petition arises from a conviction of a summary· offense. *Markley* and the other cases are all concerned with misdemeanors and felonies. In *Sheehan,* supra, the court was concerned with a specific statute which imposed additional penalties on a second offender for a driving under the influence offense. Similarly, in *Markley,* the court stated that under Pennsylvania law, petitioner's conviction on charges of theft by deception and bad checks might be used to impeach his character at a subsequent criminal or civil proceeding. This legal disability, the court held, was sufficient to preclude his Post Conviction Hearing Act Petition form being dismissed as moot.

In the instant case, no statute increases the penalty for a subsequent offense due to a prior conviction of harassment. Similarly, a conviction of the summary offense of harassment cannot later be used to impeach petitioner's credibility.

The conviction of a summary offense, however, may very well result in collateral legal, civil or social consequences. For example, a violation of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §101 *et seq.* is a summary offense, unless otherwise specified in the statute. A conviction for speeding in violation of section 3362, 42 Pa.C.S. §3362, maximum speed limits, is a summary offense which often has severe collateral consequences; a second conviction may well result in the suspension of a person's operating privileges. This is often a severe consequence particularly when one's livelihood may depend upon driving. There is, however, no relief available to one convicted of speeding pursuant to the Post Conviction Hearing Act, no matter how dire the criminal, civil or social consequences. The right of direct appeal has been considered an adequate safeguard against wrongful convictions in these cases.

If the courts apply the broad language of *Markley* to petitioners who allege that they have been wrongfully convicted of summary offenses, the flood gate would open allowing a deluge of Post Conviction Hearing Act litigation. It is highly doubtful that the Superior Court intended *Markley* to extend the application of the Post Conviction Hearing Act to defendants convicted of summary offenses.

Thus conviction of a summary offense may, in fact, have collateral criminal, civil or social consequences. The doctrine of collateral consequences, as enunciated in *Markley,* would preclude the application of the doctrine of mootness to such a conviction. It does not, however, appear to require the application of the Post Conviction Hearing Act to summary offenses.

In *Commonwealth v. Margittai-Thorpe,* 8 D. & C. 2d 693 (1977), the court was presented with the application of the Post Conviction Hearing Act to a summary conviction of retail theft. In that case, petitioner averred that he had suffered severe civil and social collateral consequences as a result of his retail theft conviction. The court concluded that the Post Conviction Hearing Act was not intended to apply to defendants convicted of summary offenses.

It may also be noted that petitioner does not aver that he has suffered any collateral consequences as a result of his conviction of the summary offense of harassment. In fact, a review of the record reveals that petitioner was never incarcerated or in any real way penalized for his conviction of harassment by the trial court sitting as a magistrate. He was already incarcerated as of August 30, 1983 due to a violation of his parole. Petitioner's 90-day sentence had already been served at the time he was sentenced on the summary conviction.

For all of the foregoing reasons, the petition for relief pursuant to the Post Conviction Hearing Act was dismissed and counsel has not been appointed to represent petitioner in pursuing that relief.

## ORDER OF COURT

And now, this June 5, 1986, the petitioner's motion for appointment of counsel is denied and the petition under the Post Conviction Hearing Act is dismissed.