CAVANAUGH, Judge,
dissenting:
I respectfully dissent from the majority opinion which overrules the doctrine of collateral consequences where the *78 petitioner seeks relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq. and is not currently serving a sentence of imprisonment, probation or parole.[1] The doctrine was first set forth in Commonwealth v. Sheehan, 446 Pa. 35, 285 A.2d 465 (1971) which dealt with the issue of mootness under the Post Conviction Hearing Act, 42 Pa.C.S. § 9541 et seq. then in effect.[2] In Sheehan, the defendant entered a guilty plea to the charge of driving under the influence of intoxicating liquor. After the sentence of a fine was satisfied, he was charged with another similar offense. Subsequently, the defendant filed a PCHA petition with reference to his first conviction. The trial court and this court held that the defendant was ineligible for relief, as at the time he filed the petition he was not incarcerated in Pennsylvania or on parole or probation.[3]
The Supreme Court reversed, holding that:
Merely because one is not incarcerated, on parole or probation does not per se preclude a collateral attack on his convictions.
446 Pa. at 39, 285 A.2d at 467.
The Supreme Court held that the petition was properly filed, even though the defendant’s sentence had already been satisfied and he was not incarcerated, as he would be classified as a second offender if his first conviction were *79 allowed to remain in effect. “Such a result presents the possible collateral criminal consequences which preclude application of the general rule of mootness to the collateral attack on appellant’s initial conviction.” 446 Pa. at 42-43, 285 A.2d at 469.[4]
The court reasoned that the intent of the PCHA was not to abolish the common law remedies of habeas corpus and coram nobis and treated the petition as one for a writ of error coram nobis and “the fact that he is not now incarcerated (or on parole or probation) is not, by itself, a bar to the relief he seeks.” 446 Pa. at 41, 285 A.2d at 468.[5]
The collateral consequences rule was extended in Commonwealth v. Doria, 468 Pa. 534, 364 A.2d 322 (1976) to civil consequences where the petitioner alleged that he was forced to resign from his position as Dean of the Vermont Law School as a result of his conviction. The Supreme Court further extended the doctrine of collateral consequences to the situation where the petitioner established only the possibility and not the actuality of social and civil disabilities resulting from his conviction in Commonwealth v. Rohde, 485 Pa. 404, 402 A.2d 1025 (1979). In that case, the petitioner’s sentence had been fully served when he filed his PCHA petition. At the time the petition was filed, the petitioner was a law student and he alleged that he anticipated possible difficulties in being admitted to the practice of law in various states.
Under the Post Conviction Hearing Act it was firmly imbedded in our law that incarceration in Pennsylvania was not an essential requirement to a petition under the Act where collateral consequences could be shown. We stated *80 in Commonwealth v. Bruce, 230 Pa.Super. 507, 326 A.2d 628, 629 n. 1 (1974): “The completion of a sentence does not render a case moot against miscellaneous grounds of attack where it appears that as a result of the conviction or sentence the accused continues to suffer legal disadvantages ...” In Commonwealth v. Fay, 294 Pa.Super. 332, 439 A.2d 1227 (1982) a petitioner who was incarcerated in federal court was deemed to have filed a valid petition because we treated the petition as a writ of coram nobis. The Supreme Court in Johnson v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Review, 505 Pa. 569, 482 A.2d 235 (1984) held that a petitioner who had been incarcerated for a parole violation and then reparoled when he filed the petition under the PCHA was eligible to file the petition as he alleged that his rights had been violated by the Pennsylvania Board of Probation & Parole.
In Commonwealth v. Markley, 348 Pa.Super. 194, 501 A.2d 1137 (1985) a petitioner who had completed his sentence alleged that his trial counsel was ineffective and that he had been denied a right to appeal. The petitioner identified various social and civil consequences that might attend his conviction for theft by deception and writing a bad check, including his inability to continue a construction business. We held that the appellant’s PCHA petition was not moot, and there could be possible adverse consequences to his business and family relationships, and he alleged “that he will suffer serious criminal consequences if he is subsequently convicted of another crime.” 348 Pa.Super. at 206, 501 A.2d at 1143. We went so far in Markley, supra, as to hold that a mere possibility that the petitioner might be convicted of another crime in the future raised an issue that was not moot.
Again, a PCHA petition was permitted in Commonwealth v. Berthesi, 350 Pa.Super. 383, 504 A.2d 891 (1986) eight years after the sentence was completed as the issue of the ineffectiveness of trial counsel in not informing the defen *81 dant of his right to appeal, was not moot. In Commonwealth v. Carter, 362 Pa.Super. 70, 523 A.2d 779 (1987) the petitioner’s sentence was served prior to filing the petition under the PCHA. Since the issue raised in the petition that the court erred when it summarily revoked probation without prior written notice was not moot, we found the petition to be appropriate.[6]
In 1988, the Post Conviction Hearing Act was amended and replaced by the Post Conviction Relief Act. The eligibility requirement to file a petition under the PCRA was changed from “incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation” to “currently serving a sentence of imprisonment, probation or parole for the crime.” I am convinced that this change in wording did not have the effect of brushing aside the doctrine of collateral consequences established by the Supreme Court in Commonwealth v. Sheehan, supra, and further expanded by the Supreme Court and our own Court in subsequent decisions. The rule of the Supreme Court in Sheehan, supra, was that a petition under the PCHA could not be precluded per se because the petitioner was not incarcerated at the time the petition was filed when collateral issues were not moot.
History demonstrates that the legacy of a wrongful conviction may include consequences of substantial prejudice to the economic, social and liberty interests of the victim of an illicit conviction.
The present post-conviction act has, in my view, incorporated the Sheehan line of supreme court cases where it *82 states in its provision explaining the scope of the Act, 42 Pa.C.S.A. § 9542, that the act is the sole means of collateral relief and “encompasses” all other common law and statutory remedies that existed when the statute took effect including habeas corpus and coram nobis.
I conclude that though the high incidence of post-conviction cases represents a somewhat onerous burden for our busy courts, that there was no intention in the new legislation to close the door of the courthouse to a victim who may be suffering grave consequences from an improperly obtained conviction.
The majority opinion has adopted a per se rule that the petitioner must be “currently” serving a sentence of imprisonment, probation or parole in order to seek relief, notwithstanding any collateral consequences from his sentence, and this is exactly the type of per se rule that was prohibited by Sheehan and its progeny.
Accordingly, I respectfully dissent.
CIRILLO, J., joins dissenting opinion by CAVANAUGH, J.

. The Post Conviction Relief Act at § 9543(a) provides in relevant part:
§ 9543. Eligibility for relief
(a) General rule. — To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:
(1) That the person has been convicted of a crime under the laws of this Commonwealth and is:
(i) is currently serving a sentence of imprisonment, probation or parole for the crime;

. The Post Conviction Hearing Act was amended by the Post Conviction Relief Act in 1988, 42 Pa.C.S. § 9541 et seq.

. The Post Conviction Hearing Act, 42 Pa.C.S. § 9543(2), then in effect, provided that in order to be eligible for relief, inter alia, the petitioner must be:
incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation.

. The general or traditional rule that the court referred to was that satisfaction of the contested sentence per se renders the case moot.

. In the case sub judice, the petitioner alleged that there were collateral consequences resulting from his conviction in Pennsylvania, as a New Jersey Court took into consideration his prior conviction in Pennsylvania and imposed a more severe sentence as a result. We note also that counsel, on appeal, presented no arguments in the brief or at oral argument before the Court en banc at Westmoreland County on April 9, 1991 that would have assisted petitioner.

. Post conviction relief is available in the federal system under 28 U.S.C. § 2255 where a person is in custody under sentence which is subject to “collateral attack.” United States v. Stimac, 684 F.Supp. 545 (N.D.Ill.1988). Since United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) a writ of coram nobis has been available where the petitioner is not in custody and the sentence fully served if collateral consequences persist. See, United States v. Bruno, 903 F.2d 393 (5th Cir.1990); United States v. Dellinger, 657 F.2d 140 (7th Cir.1981).