J-S24029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN ROBERT MCCOOL, | |
| Appellant | No. 1056 MDA 2015 |

Appeal from the PCRA Order June 8, 2015
In the Court of Common Pleas of Snyder County
Criminal Division at No(s):
CP-55-CR-0000142-1980
CP-55-MD-0000136-2011

BEFORE: GANTMAN, P.J., BOWES, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.: **FILED APRIL 14, 2016**

John Robert McCool appeals *pro se* from the order dismissing as untimely his serial PCRA petition. We affirm and we deny Appellant's motion to strike the Commonwealth's brief.[1]

On June 2, 1980, the Commonwealth charged Appellant in Snyder County, Pennsylvania with, *inter alia*, kidnapping, rape, and involuntary deviate sexual intercourse. At that time, Appellant was awaiting trial in New York for robbery. On July 30, 1980, the New York court convicted him,

---

[1] Appellant sought to strike the Commonwealth's brief because it was filed forty-three days late. Significantly, however, Appellant does not assert that the delay was prejudicial. At most, he notes that this case was submitted on briefs without oral argument, which is typical for PCRA appeals. Thus, upon review of the motion and the applicable rules of appellate procedure, we deny the motion to strike the Commonwealth's brief.

imposed a sentence of fifteen years to life imprisonment, and incarcerated him in that state. On February 16, 1981, Appellant was temporarily transferred to Pennsylvania pursuant to the Interstate Agreement on Detainers Act ("IADA"), 42 Pa.C.S. § 9101 *et seq.*, to be tried on the kidnapping and sex offenses in Snyder County and unrelated offenses in Northumberland County that are not relevant herein.

In addressing a prior appeal, this Court succinctly summarized the remaining procedural history as follows:

> On February 26, 1981, McCool, represented by former Snyder County Public Defender Harry L. Wilcox, Esquire ("Attorney Wilcox"), was convicted of rape, involuntary deviate sexual intercourse ("IDSI"), and kidnapping. Attorney Wilcox filed a post-trial [m]otion on McCool's behalf, which the trial court subsequently denied for failure to file a brief. On June 10, 1981, the trial court sentenced McCool to consecutive prison terms of ten to twenty years for his conviction of rape, ten to twenty years for his conviction of kidnapping, and five to ten years for his conviction of IDSI [an aggregate term of twenty-five to fifty years imprisonment]. McCool filed no direct appeal of his judgment of sentence.

> On July 1, 1996, McCool filed his first [p]etition for relief under the Post Conviction Relief Act ("PCRA"), after which appointed counsel filed an amended [p]etition. In that [p]etition, McCool alleged that (a) he was deprived of due process under the [IADA]; (b) a new trial was warranted based upon after discovered facts regarding the manufacture of black duct tape; and (c) that Attorney Wilcox rendered ineffective assistance by failing to file a brief in support of McCool's post-trial [m]otions.

> On February 11, 1997, **the PCRA court denied McCool relief on his claim pertaining to the IAD[A]**, but concluded that Attorney Wilcox had rendered ineffective assistance by failing to file a brief supporting McCool's post-trial [m]otions. McCool, with new counsel, filed [m]otions for a new trial and for

arrest of judgment. The trial court denied McCool's post-trial [m]otions and re-imposed its judgment of sentence on June 10, 1981. On July 29, 1998, this Court affirmed McCool's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. McCool**, 724 A.2d 957 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 751 A.2d 187 (Pa. 2000). **In his *nunc pro tunc* direct appeal, McCool raised no claim regarding the IAD[A]**.

**Commonwealth v. McCool**, 724 A.2d 957 (Pa.Super. 2013) (unpublished memorandum at 1-3) (emphases added, footnotes omitted).

Thereafter, Appellant filed a petition for a writ of *habeas corpus* in the federal court, six PCRA petitions, and a futile civil action. In all but one of the filings, he asserted some version of the claim that his convictions were unsound because the Commonwealth violated the IADA in trying him in Snyder County and returning him to New York following the imposition of the twenty-five to fifty year sentence herein.[2] The federal court denied relief because Appellant had not exhausted his state court remedies. All of the iterations of the claim that were leveled in PCRA petitions failed either due to the fact that the issue was waived pursuant to 42 Pa.C.S. § 9543(b), as a result of Appellant's failure to raise it on direct appeal, or due to the PCRA time bar.

On April 27, 2015, Appellant filed the instant PCRA petition, his sixth. Again, Appellant challenged the application of the IADA. Thereafter, having

---

[2] One of the PCRA petitions challenged only the discretionary aspect of his sentence.

issued notice on May 19, 2015, of its intent to dismiss the PCRA petition without hearing pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition on June 8, 2015, as untimely filed. This appeal followed.

Appellant presents several intertwined arguments in support of his elaborate contention that the trial court's misapplication of the IADA required that the PCRA court set aside the underlying convictions. His arguments assail the PCRA court's factual findings and its legal conclusions regarding the trial court's jurisdiction vis-à-vis the IADA. He also asserts purported breakdowns in the trial court's machinery and invokes the principle of *stare decisis*, again, in relation to the trial court's application of the IADA. He concludes that since his convictions were void *ab initio*, he is currently serving an illegal sentence. No relief is due.

At the outset, we address the irregularity of Appellant's reply brief. Prior to the date that the Commonwealth's brief was originally due, Appellant purported to file a reply brief that raised for the first time in any of the proceedings an assertion that he was entitled to relief under the doctrine of *coram nobis*.[3] The claim fails for at least three reasons.

_____

[3] While Appellant's precise argument is unclear, the crux of his assertion is that a writ of *coram nobis* provides an alternative basis for this Court to accord him relief. Our Supreme Court recently explained, "[a] writ of *coram nobis* 'is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered." **Commonwealth v. Descardes**, No. 27 MAP 2015, slip op. at 1 n.1 (Pa.
*(Footnote Continued Next Page)*

- 4 -

First, the reply brief is defective. Pursuant to Pa.R.A.P. 2113 (a) and (c), reply briefs are required to be "in reply to matters raised by appellee's brief" and "[n]o further briefs may be filed except with leave of court." The note following Rule 2113 further explains, "the scope of the reply brief is limited . . . in that such brief may only address matters raised by appellee and not previously addressed in appellant's brief." Thus, insofar as Appellant's purported "reply" brief is not in response to any matters raised by the Commonwealth, it is defective.

Second, even to the extent the reply brief was not defective, the substance of Appellant's argument is waived because he did not file a petition for a writ of *coram nobis* or invoke the principles of that doctrine before the PCRA court. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Since the issue is waived, we cannot address the merits herein.

Finally, assuming both that the reply brief is not defective and that Appellant requested *coram nobis* relief in the PCRA court, we would reject the request on its merits. Stated plainly, our Supreme Court recently reaffirmed that where a PCRA petitioner's request for relief can be entertained under the PCRA, the petition is considered a PCRA petition and is

*(Footnote Continued)* _____

filed March 29, 2016) (quoting **Commonwealth v. Sheehan**, 285 A.2d 465, 467 (Pa. 1971)). As explained in the body of this memorandum, *coram nobis* review is inapplicable in this case.

subject to that statute's dictates. ***Commonwealth v. Descardes***, No. 27 MAP 2015, slip op. at 17 (Pa. filed March 29, 2016) ("where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review"); ***see also Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (if the defendant's PCRA claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available" to him); 42 Pa.C.S. § 9542 (PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus and coram nobis*).

Instantly, Appellant's claims fall within the PCRA. Appellant is eligible for PCRA relief pursuant to § 9543(a)(1) in that he has been convicted of a crime under the laws of Pennsylvania and is currently serving the sentence imposed on those convictions. Moreover, his claims regarding the trial court's jurisdiction, the purported break down in court operations, the propriety of the convictions, and the legality of his sentences are all cognizable issues under the PCRA. ***See*** 42 Pa.C.S. §9543(a)(2)(viii) (the tribunal conducting proceeding lacked jurisdiction); §9543(a)(2)(iv) (the improper obstruction by governmental officials); §9543 (a)(2)(vii) (imposition of illegal sentence). As appellant is eligible for PCRA relief and his claims are cognizable under the Act, his petition is subsumed by the PCRA and its statutory time-bar. Hence, Appellant cannot invoke *coram*

*nobis* as an alternative basis for relief. ***Descardes***, ***supra***. For all of the foregoing reasons, the assertions leveled in Appellant's reply brief are unavailing.

Next, we address the merits of the appeal. As noted previously, the PCRA court dismissed Appellant's petition as untimely. Initially, we note our standard of review. "An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id***.

It is well settled that an untimely PCRA petition renders the courts of this Commonwealth without jurisdiction to award relief. ***Commonwealth v. Albrecht***, 994 A.2d 1091 (Pa. 2010). Pursuant to 42 Pa.C.S. § 9545(b), a petition must be filed within one year of the date that judgment became final unless the petitioner alleges and proves one of the timeliness exceptions found under 42 Pa.C.S. 9545(b). The statute provides:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Presently, Appellant's judgment of sentence became final on May 1, 2000, ninety days after the Supreme Court denied allowance of appeal, when the period expired to file a petition for a writ of *certiorari*. Appellant's sixth petition was not filed until April 27, 2015. Thus, it is facially untimely.

Appellant declined to assert a specific timeliness exception and even a charitable reading of his protracted arguments relating to the trial court's application of the IADA do not implicate any of the statutory exceptions to the time bar. His references to the legality of sentence, the purported breakdowns of trial court's machinery, and the court's ability to correct clerical errors are all futile. *See e.g. Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Tellingly, Appellant does not assert that

the purported breakdowns and clerical errors that he relies upon were recently discovered or that they implicated a newly-recognized constitutional right that has been held to apply retroactively. Hence, the certified record and governing law supports the trial court's determination that it lacked jurisdiction to address the untimely petition. ***See Albrecht***, ***supra***.

Motion to strike the Commonwealth's brief denied. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2016