J-S57002-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                                                 :             PENNSYLVANIA
                   Appellee        :
                                                 :
                v.                  :
                                                 :
DEANTE DRAKE,                       :
                                                 :
                  Appellant       :        No. 227 WDA 2015

Appeal from the Order Entered January 21, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011923-1993

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, AND STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED SEPTEMBER 07, 2016**

Deante Drake (Appellant) appeals, *pro se*, from the January 21, 2015

order denying his petition for writ of *coram nobis*.[1]  We affirm.

> [Appellant] pled guilty to Violation of the Controlled
> Substance, Drug, Device and Cosmetic Act and Criminal
> Conspiracy on May 4, 1995.  [Appellant] was sentenced to a
> period of incarceration of not less than four and one-half (4½)
> years nor more than ten (10) years, plus a consecutive period of
> probation of four years.  No appeal was filed.
>
> On or about June 15, 2011, [Appellant] filed a document
> entitled "Petition to Withdraw Sufficient Facts."  The [trial court]
> treated the document as a Petition under the Post Conviction
> Relief Act[, 42 Pa.C.S. §§ 9541-9546,] and appointed the Public
> Defender of Allegheny County to represent [Appellant].

---

* Retired Senior Judge assigned to the Superior Court.

[1] "A writ of *coram nobis* 'is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered.'" **Commonwealth v. Descardes**, 136 A.3d 493, 494 n.1 (Pa. 2016) (quoting **Commonwealth v. Sheehan**, 285 A.2d 465, 467 (Pa. 1971)).

Appointed Counsel filed a "no merit" letter and Petition for Leave to Withdraw Appearance due to the fact that the PCRA Petition was time-barred. On January 9, 2012, the [PCRA court] issued an Order granting the Petition for Leave to Withdraw and directing [Appellant] to notify the [PCRA court] as to whether he intended to proceed *pro se*, retain private counsel, or withdraw the Petition. As [Appellant] failed to reply in a timely manner to said Order, the [PCRA court] issued a Notice of Intention to Dismiss on February 27, 2012. On March 20, 2012, a final Order dismissing the Petition as time-barred was issued. Again, no direct appeal was filed.

In January 2014, [Appellant] filed a *pro se* Motion for Leave to Supplement and/or Reconsider Previously Filed Post-Conviction Petition. The [PCRA court] denied the Motion of January 14, 2014. [Appellant] appealed the denial of his Motion. The denial was affirmed by the Superior Court in a Memorandum Opinion dated November 21, 2014. [**See Commonwealth v. Drake**, 2014 WL 10788753 (Pa. Super. 2014).]

Not tiring of litigation, [Appellant] filed a *pro se* Petition for Writ of Error *Coram Nobis*[] on January 13, 2015. The Petition was denied on January 21, 2015.

Trial Court Opinion, 2/23/2015, at 1-2.

Appellant *pro se* filed a notice of appeal on February 6, 2015. On February 23, 2015, the trial court issued a three-page opinion, concluding that the denial of Appellant's petition for writ of *coram nobis* was proper. *Id.* at 3. This Court must determine whether the trial court erred in so holding.[2]

---

[2] The record reflects that from April 2015 to February 2016, Appellant filed a litany of *pro se* motions, and his appeal was dismissed for failure to file a brief and reinstated on two separate occasions. On March 18, 2016, we directed the prothonotary to file Appellant's "Petition for Writ of Error *Coram Nobis*," and the July 14, 2015 supplement to this petition, as Appellant's brief. The Commonwealth filed its brief on May 9, 2016, and Appellant responded by filing a "Motion for Clarification for the Error of the Superior

Before we consider the substance of the appeal, we must determine whether Appellant's petition properly is characterized as a petition for writ of *coram nobis*.

> The current version of Pennsylvania's Post Conviction Relief Act [PCRA] explicitly states that it "shall be the sole means of obtaining collateral relief" and that its provisions "encompass[ ] all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available.

**Commonwealth v. Pagan**, 864 A.2d 1231, 1232–33 (Pa. Super. 2004) (citations omitted).

Here, Appellant's contentions are that his counsel was ineffective in failing to advise him that (1) he had a right to have a jury find, beyond a reasonable doubt, the type of drug that Appellant possessed with intent to deliver, and (2) that if he committed a later crime he would face a stiffer penalty as a recidivist for having a prior felony conviction. Memorandum of Law in Support of Petition, 1/13/2015, at 3, 4.

Appellant's challenges to his plea counsel's effectiveness are claims that are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(ii). Accordingly, Appellant's petition must be considered a PCRA petition.

---

Court for Accepting a Motion that was Denied January 21, 2014" on May 25, 2016. On June 2, 2016, we directed the prothonotary to file said motion as Appellant's reply brief.

*Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) ("[A] collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition[.]").

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). The PCRA's "[s]tatutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition." *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007). Appellant's judgment of sentence became final in 1995. He has not pled and offered to prove a timeliness exception. Accordingly, the trial court lacked jurisdiction to entertain the merits of the petition.

Moreover, because he is no longer serving his sentence, Appellant is not eligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1); *Commonwealth v. Turner*, 80 A.3d 754, 766 (Pa. 2013) ("[T]he General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence....").

Appellant contends that, even though he is no longer serving a sentence, a change in the law "that was not available at the time of [his] conviction" warrants *coram nobis* relief. Memorandum of Law in Support of Petition, 1/13/2015, at 3.

Our Supreme Court has rejected such contentions:

> [T]he fact that [the petitioner's] claim, had he raised it while still serving his sentence, would likely have been held to be meritless under … the prevailing law at the time, does not mean the claim was not cognizable under the PCRA. … The fact that there was no legal support for [the petitioner's] ineffectiveness claim until after the time period for filing a PCRA petition had expired does not remove the claim itself from the purview of the PCRA.

*Commonwealth v. Descardes*, 136 A.3d 493, 502 (Pa. 2016).

Accordingly, the trial court did not err in denying Appellant's petition.

Order affirmed.

P.J.E. Ford Elliott did not participate in the consideration or decision of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016