J-S04014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS EMERY ORSO | : | |
| | : | |
| Appellant | : | No. 525 MDA 2017 |

Appeal from the PCRA Order February 15, 2017
In the Court of Common Pleas of Centre County Criminal Division at No(s):
CP-14-CR-0001844-2012

BEFORE: SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 27, 2018**

Appellant, Travis Emery Orso, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

Appellant entered a guilty plea to driving under the influence and related offenses on May 23, 2013. The trial court sentenced Appellant on July 2, 2013, to five years of intermediate punishment with 120 days of house arrest. Appellant did not file a direct appeal. His judgment of sentence became final on August 1, 2013, upon expiration of the time to file a notice of appeal with the Superior Court. **See** Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within thirty days after entry of order from which appeal is taken).

Appellant's sentence would have expired on July 2, 2018. However, on January 11, 2016, Appellant filed a motion for early termination of his

probation, which the trial court granted on January 28, 2016. Thus, Appellant's sentence terminated on January 28, 2016.

Appellant filed a PCRA petition on February 6, 2017, arguing, *inter alia*, that he was entitled to the benefit of the United States Supreme Court's decision in **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160 (2016), regarding warrantless blood draws. PCRA Petition, 2/6/17, at ¶¶ 8, 11(c). The PCRA court denied Appellant's petition on February 14, 2017, without issuing notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. In its Pa.R.A.P. 1925(a) opinion, the PCRA court explained that it lacked jurisdiction to entertain Appellant's petition due to the fact that Appellant was no longer serving a sentence. PCRA Court Opinion, 4/28/17, at unnumbered 2.

On appeal, Appellant challenges the lack of notice pursuant to Pa.R.Crim.P. 907 and the denial of his PCRA petition. Appellant's Brief at 4. Upon review, we conclude that Appellant is not entitled to relief. "To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following: (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) **currently serving a sentence of imprisonment, probation or parole for the crime**[.]" 42 Pa.C.S. § 9543(a)(1)(i) (emphasis supplied). We recognize Appellant's desire for a

change in Pennsylvania law regarding collateral review of short sentences and the common law rule of *coram nobis*.[1]  Appellant's Brief at 12–18. Nonetheless, under the current law, Appellant is not entitled to collateral relief because he is not currently serving a sentence of imprisonment, probation or parole for the crime.    42 Pa.C.S.  §  9543(a)(1)(i); **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997) (holding that plain language of section 9543(a)(1)(i) requires denial of relief for petitioner who has finished serving his sentence).

As for the PCRA court's failure to file a Pa.R.Crim.P. 907 notice of intent to dismiss, we recognize the merit in Appellant's claim.  Although we do not condone the PCRA court's error in this regard, we do not consider it to be reversible error given Appellant's obvious ineligibility for relief pursuant to section 9543(a)(1)(i).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017

---

[1]  A writ of *coram nobis* "is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered."  **Commonwealth v. Descardes**, 136 A.3d 493, 504 (Pa. 2016) (quoting **Commonwealth v. Sheehan**, 285 A.2d 465, 467 (Pa. 1971)).