**In re A.M., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 27, 2000.
Filed Jan. 3, 2001.

---

Lourdes M. Rosado, Philadelphia, for appellant.

Frank P. Barletta, Assistant District Attorney, Wilkes–Barre, for Commonwealth, appellee.

Before KELLY, ORIE MELVIN and MONTEMURO *, JJ.

MONTEMURO, J.:

¶ 1 Appellant, A.M., a juvenile, appeals from the Order entered August 19, 1999 in the Luzerne County Court of Common Pleas. Appellant was arrested and charged with indecent assault on the basis of allegations that he engaged in indecent acts with his three-year-old sister. When Appellant appeared with his parents at the disposition hearing, his mother reported that Appellant's attorney could not be present and asked for a continuance. This request was never entertained, and at the conclusion of the hearing, the court committed Appellant to Northwestern Intermediate Secured Unit.

* Retired Justice assigned to Superior Court.

¶ 2 Appellant raises five issues for our review. However, we need only consider whether the lower court erred in holding Appellant's juvenile adjudication and disposition hearings in the absence of counsel and/or a waiver of the right to counsel.

¶ 3 Preliminarily, we note that the right to counsel is applicable to adjudication and disposition hearings. 42 Pa. C.S.A. § 6337; *In re Gault,* 387 U.S. 1, 36, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). An admission, the juvenile equivalent of a guilty plea, is a critical stage at which a respondent must be afforded the right to counsel. *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A.2d 465, 469–70 (1971). Moreover, counsel must be provided for a child unless his parent, guardian or custodian is present in court and affirmatively waives his right to representation. *Gault.* Pennsylvania has codified this principle in the Juvenile Act, 42 Pa.C.S. § 6337, which states in relevant part:

[A] party is entitled to representation by counsel at all stages of any proceedings under [the Juvenile Act] and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him. *If a party appears without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable.*

42 Pa.C.S.A § 6337 (emphasis added).

¶ 4 Further, when a respondent appears without counsel at any stage of a delinquency proceeding, the court has both a constitutional and a statutory duty to inform the child of his right to counsel, and his right to have court appointed counsel if he cannot afford representation. *In re Gault, supra;* Sec. 6337.

¶ 5 As the record demonstrates, the court failed to comply with these mandates at both Appellant's adjudication and disposition hearings.[1] Because the Common-

1. Based on the following dialogue, which occurred at the conclusion of the hearing, the

wealth concedes that Appellant was unfairly denied counsel at his hearings, we need not address Appellant's remaining claims.

¶ 6 Therefore, we vacate the Order of adjudication and remand this case for further proceedings.

¶ 7 Order vacated; case remanded for further proceedings; jurisdiction relinquished.

court concluded that Appellant had made an admission to the charge and adjudicated Appellant delinquent.

THE COURT: Do I understand the nature of the charges, that there was an alleged indecent contact?

THE RESPONDENT: (Respondent nods head.)

THE COURT: Do you care to say something?

MR. M (RESPONDENT'S STEPFATHER): Do you understand the charges?

THE RESPONDENT: (Respondent nods head.)

THE COURT: How old are you, A., 13?

THE RESPONDENT: Yeah.

THE COURT: How old was the—?

MRS. M (RESPONDENT'S MOTHER): Three. She's three.

THE COURT: Again, I can understand and appreciate the delicacy of all the issues involved. I think it might be more appropriate, considering the nature of the offense, that A. be detained; that he be evaluated as soon as possible, and that some detention plan be—

[ASSISTANT DISTRICT ATTORNEY] RADICK: If I may interrupt you. Your Honor, these are A.'s parents and this. is his sister who is the victim. I believe that A. is ready to make an admission to the charges as of our meeting the other day.

MRS. M: It's not that he's not aware of what he's done or he hasn't admitted what he's done. He needs help just as well as she does. I tried repeatedly to get help through Children and Youth and this was their answer. So, here we are.

THE COURT: A., you admit this?

THE RESPONDENT: (Respondent nods head.)

THE COURT: All right. On the basis of the admission, I find you delinquent. I will direct that he is going to be detained then for the purpose of undergoing appropriate evaluations in preparation of an appropriate treatment plan and disposition.

(N.T., 7/15/99, at 2–4).