J-S28019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: R.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: R.C. | |
| | No. 2335 EDA 2012 |

Appeal from the Dispositional Order April 5, 2012
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-1000043-2012

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 30, 2016**

R.C. appeals from the April 5, 2012 dispositional order entered by the Philadelphia County Juvenile Court that placed him on juvenile probation and imposed in-home detention.  The order was entered after a Delaware County Juvenile Court adjudicated R.C. delinquent for committing acts that constitute criminal mischief and criminal conspiracy, imposed restitution as an agreed-upon condition of the adjudication, and transferred the case to Philadelphia County for disposition.  R.C. purports to challenge the imposition of restitution concomitant with the adjudication of delinquency. We affirm.

On August 28, 2010, then-thirteen-year-old R.C. was arrested by the Darby Borough Police Department after he admitted that he and other

_____

* Retired Senior Judge assigned to the Superior Court.

children broke thirty windows at Little Flower Manor, a nursing home located in Darby, Pennsylvania.

R.C. initially entered into a consent decree in Delaware County that permitted him to expunge the charges upon completion of a six-month program. On December 19, 2011, the Delaware County Juvenile Court revoked the consent decree after R.C. was arrested in Philadelphia for theft by unlawful taking four months after the consent decree was entered. R.C. immediately negotiated his admission of guilt to the underlying delinquent acts of criminal mischief and criminal conspiracy and agreed to waive his right to an evidentiary hearing. Pursuant to that agreement, R.C. stipulated to, *inter alia*, entry of restitution totaling $1,528.36 to the nursing home, subject to credit for the amount that he either previously repaid or discharged pursuant to the consent decree. The Commonwealth explained the accord to the juvenile court as follows:

> It's my understanding the Juvenile is . . . prepared to make an admission to the charges of Criminal Mischief, as well as Conspiracy to [commit] Criminal Mischief, graded as misdemeanors in the second degree if committed by an adult. He agrees to complete 40 community service hours, appropriate classes to include victim awareness, and agrees to stay away from the victim. Further, **he stipulates to a restitution amount totaling $1,528.36, to Little Flower Manor**. Of course, any credit would be given for anything already completed or paid.

N.T., 12/19/11, at 5 (emphasis added).

After a waiver colloquy, the Delaware County Juvenile Court accepted R.C.'s admission to the underlying delinquent acts, and transferred jurisdiction over the disposition phase to the Philadelphia County Juvenile Court, where R.C. resided. *Id*. at 6-10. Consistent with the agreement, the court credited R.C. for the community service that he performed and the classes attended under the consent decree. Apparently recognizing the potential pitfall of transferring the case at that juncture, the juvenile court noted, "I'll impose 40 hours community service, appropriate classes and put restitution amount as stated [($1,528.36)] and hopefully Philadelphia will recognize and give him credit for that which he's already completed." *Id*. at 11.

Thereafter, the court entered an order of adjudication based upon R.C.'s admission and transferred disposition of that order to Philadelphia County. The order of adjudication included a special condition that outlined the parties' agreement and directed, "JUVENILE IS TO PAY RESTITUTION IN THE AMOUNT OF $1,528.36 TO LITTLE FLOWER MANOR." Order of Adjudication, 12/19/11, at 1 (capitalization in original).[1]

---

[1] Restitution in juvenile court proceedings is typically awarded concomitant with the dispositional stage of the proceedings, which is the final and appealable order. *See* 42 Pa.C.S. § 6352(a)(5) and Pa.R.J.C.P. 515; *In re M.D.*, 839 A.2d 1116 (Pa.Super. 2003) (explaining that court's dispositional order triggered right of appeal). Nevertheless, an order of adjudication is a reviewable interlocutory ruling that is subsumed by the dispositional order.
*(Footnote Continued Next Page)*

R.C. believed that the Delaware County restitution order imposed joint and several liability.[2]  Thus, following transfer of the matter to Philadelphia County but prior to the disposition hearing, R.C. petitioned Judge Abram Frank Reynolds in the Philadelphia County Juvenile Court to clarify that R.C. was responsible for only $509.45, one-third of the total restitution obligation.  Significantly, R.C. did not challenge the propriety of restitution or contest the Delaware County Court's authority to impose it.  Judge Reynolds denied the petition, and following a hearing approximately two weeks later, he entered a dispositional order that did not reference any of the special conditions or explicitly impose restitution pursuant to 42 Pa.C.S. § 6352(a)(5).

---

*(Footnote Continued)* ————————

***See K.H. v. J.R.***, 826 A.2d 863, 871 (Pa. 2003) ("[I]n the context of a single action, a notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior non-final orders that produced the judgment.").

[2] R.C. contends that at some point after the adjudication of delinquency, the parties further stipulated that the $1,528.36 restitution amount would be assessed with joint and several liability among R.C. and the two juveniles who were arrested with him for damaging the nursing home's property. However, the proposed order that supposedly was intended to memorialize the additional stipulation was not entered on the Delaware County court's docket or included in the certified record that the Delaware County court transmitted to this court on appeal.

R.C. filed a timely post-dispositional motion entreating the court to reconsider restitution.[3]  Again, R.C. limited his argument to whether the restitution should be imposed with or without joint and several liability.  As with his initial challenge, R.C. did not assail the propriety of restitution.  In denying the post-disposition motion, Judge Reynolds reasoned that restitution had not been entered concomitant with his disposition, but rather, as a part of the Delaware County Juvenile Court's adjudication of delinquency, and, therefore, he was bound by the earlier order.  **See** N.T., 5/9/12, at 2; Trial Court Opinion, 6/13/13, at 1.

Judge Reynolds explained,

> In this case the issue of restitution was decided by a judge of equal jurisdiction.  The doctrine of coordinate jurisdiction instructs that judges sitting in the same case should avoid overruling each other's decisions. **Commonwealth v. Weigle**, 997 A.2d 306 (Pa. 2010); **Commonwealth v. Holder**, 805 A.2d 499 (Pa. 2002).  The Delaware County judge and Philadelphia County judge were both Common Pleas Court judges [in the same juvenile delinquency proceeding.]  Therefore, any response by this court as transferee judge to the [restitution] issue raised on appeal would involve review and possible reversal or modification of the transferring judge's order.  Under the doctrine of coordinate jurisdiction, this court did not believe that, as a judge of equal jurisdiction, it should undertake a review and reconsideration of the order of the Delaware County Court judge.

---

[3] Pursuant to Pa.R.J.C.P. 620 (B), the post-dispositional motion is to be filed within ten days of the disposition. Instantly, the disposition was imposed on April 5, 2012, and the post-disposition motion was filed timely on Monday, April 16, 2012.  **See** 1 Pa.C.S. § 1908 (In computation of time, last day of period is omitted if it falls on Saturday, Sunday, or a legal holiday).

Trial Court Opinion, 6/13/13, at 4. Thus, Judge Reynolds did not consider the restitution provision to be an aspect of disposition and, in fact, believed that he was bound by the prior order as a matter of coordinate jurisdiction.

This timely appeal followed the order denying the post-disposition motion. R.C. filed a Rule 1925(b) statement that asserted that Judge Reynolds "erred by imposing an indeterminate amount of restitution and by failing to impose a specific amount of restitution to be paid by the juvenile in contravention of the Rules of Juvenile Court Procedure." Statement of Errors Complained of on Appeal, 12/3/12, at 1 (footnote omitted).

R.C. presents a single issue for our review:

Did not the lower court err and commit an error of law when it imposed restitution upon the juvenile of an indeterminate amount in that the court purported to affirm a non-existent order of restitution from the Delaware County Court of Common Pleas which in turn purported to impose joint and several liability upon the juvenile for restitution in the amount of $1,528.36; and did not the lower court err and abuse its discretion when it failed to determine and apportion the amount of restitution owed by the juvenile where there were multiple juveniles alleged to have committed the crimes for which restitution was owed?

Appellant's brief at 3.

We review the juvenile court's disposition order for an abuse of discretion. *In re Love*, 646 A.2d 1233, 1238 (Pa.Super. 1994). "The Juvenile Act is clear that a delinquent's disposition is a duty vested in the discretion of the adjudicating juvenile court. This Court will not disturb a

sentence absent a manifest abuse of discretion." *Id*. (citations omitted). The *Love* Court further explained,

> the discretion of the Juvenile Court in implementing a disposition is broad, it is flexible and the Juvenile Court has considerable power to review and modify the commitment, taking into account the rehabilitative progress or lack of it of the juvenile. Without extreme specificity as to the error by the court in imposing the commitment, there can be no basis for setting aside the disposition.

*Id*. at 1238 n.5.

At the outset, we observe that the lone issue that R.C. both raised below and preserved for our review is facially meritless. While R.C. argues that the juvenile court "imposed restitution upon the juvenile of an indeterminate amount[,]" the certified record belies this assertion. Appellant's brief at 3. Indeed, as noted *supra*, the order of adjudication entered in Delaware County directed R.C. to pay restitution to Little Flower Manor in the amount $1,528.36, inarguably a determinate amount. In addition, notwithstanding R.C.'s protestations to the contrary, nothing in the the certified record supports his contention that the juvenile court entered a subsequent order that reapportioned responsibility for the restitution among R.C. and his juvenile cohorts. Thus, no relief is due. Stated plainly, R.C. is responsible for restitution totaling $1,528.36, with credit for any amounts that were paid or discharged through community service.

Moreover, insofar as R.C. actually purports to challenge the validity of the Delaware County Juvenile Court's restitution provision, those claims are

waived. R.C. agreed to restitution as part of his admission to the delinquent acts and, in raising his complaints below, he challenged only whether he was responsible for any amount beyond one-third of the restitution award. He did not assail the propriety of his agreed-upon admission, challenge the Delaware Court's authority to impose restitution, or raise that court's failure to consider his individualized degree of culpability or ability to pay. Indeed, R.C. did not even attempt to raise the first two issues belatedly in his Rule 1925(b) statement. Hence, to the extent that R.C. raises these claims for the first time on appeal, they are waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) ("Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can therefore never be used to raise a claim in the first instance.").

Furthermore, even if the propriety of the restitution requirement had been preserved, which it was not, we would reject R.C.'s argument on the merits. Observing that the agreed-upon conditions of the adjudication of delinquency are the valid and enforceable product of negotiations, Judge

Reynold's application of the coordinate jurisdiction rule is correct.[4]  In discussing the coordinate jurisdiction rule in **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995), our Supreme Court noted that it had "long recognized that judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions." **Id**.  The High Court explained that "Departure from [the rule] is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." **Id**. at 1332.

Presently, R.C. does not assert any of the exceptional circumstances enumerated in **Starr** that would have permitted Judge Reynolds to depart from the general rule, and none are applicable.  Neither the controlling law nor underlying facts that gave rise to the juvenile adjudication of delinquency has changed.  Likewise, insofar as the parties were entitled to the benefit of their bargain, the adjudication order incorporating the express

---

[4] An admission in the context of a juvenile proceeding is equivalent to a guilty plea.  **See In re A.M.**, 766 A.2d 1263, 1264 (juvenile admission is equivalent of guilty plea).  Thus, having agreed to pay restitution as a component of his admission and adjudication of delinquency, R.C. is bound by that agreement, and the Commonwealth is entitled to the benefit of its bargain.  **Cf**. **Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1093-94 (Pa.Super. 2015) (recognizing that Commonwealth and defendant both entitled to benefit of plea bargain).

conditions of the juvenile admission is not clearly erroneous and its application does not create a manifest injustice. If R.C. contested his obligation to pay restitution to the nursing home for its damaged property, he could have rejected the proposed condition instead of accepting it. Absent a substantial change in circumstances, Judge Reynolds was bound by the terms of prior court's adjudication of delinquency.

In sum, under the facts of this case, where restitution was an agreed-upon component of the adjudication of delinquency and memorialized expressly in the order of adjudication, the special conditions listed in the adjudication of delinquency are valid and enforceable. Thus, the Philadelphia County Juvenile Court did not commit an abuse of its discretion in declining to alter the restitution requirement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016

- 10 -