STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
STANLEY MISCAVAGE, DEFENDANT-APPELLANT.

Argued February 6, 1973—Decided March 5, 1973.

*Mr. George A. Streitz* (assigned counsel) argued the cause for defendant-appellant.

*Mr. Martin F. Caulfield,* Gloucester County Prosecutor, argued the cause for plaintiff-respondent.

The opinion of the Court was delivered by

CONFORD, P. J. A. D., Temporarily Assigned. In February 1969 defendant was convicted of murder in the second degree and sentenced to a term of imprisonment of 18 to 25 years. The victim was his wife. The Appellate Division affirmed the conviction in an unreported opinion on October 27, 1970. Proceedings for review in this court were delayed, apparently through failure of communication between the Office of the Public Defender and defendant. In any event, we granted certification, 62 *N. J.* 87 (1972), primarily to consider defendant's contention, not raised at trial or before the Appellate Division, that he had been unconstitutionally prejudiced by the adduction at his trial of the facts of prior convictions in the 1940's and 1950's in Texas and New Mexico for forgery and by the trial court charging the jury that such convictions could be considered by them in appraising defendant's credibility as a witness.

Defendant's point is that he was uncounselled at the time he pleaded *non vult* in the out-of-state prosecutions aforementioned, and had not waived absence of counsel, rendering the consequent convictions constitutionally incompetent to impair his credibility at the instant trial. If true in fact, the assertion advanced, so far as just stated, is substantively sound and applicable retroactively. *Burgett v. Texas,* 389 *U. S.* 109, 115, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967); *United States v. Tucker,* 404 *U. S.* 443, 92 S. Ct. 589, 30

L. Ed. 2d 592 (1972); *Loper v. Beto*, 405 *U. S.* 473, 92 S. Ct. 1014, 31 L. Ed. 2d 374 (1972); *State v. Koch*, 118 *N. J. Super.* 421 (App. Div. 1972), reaffirmed 119 *N. J. Super.* 184 (App. Div. 1972). Whether a reversal is therefore warranted under the particular circumstances of this case, however, is another matter. Defendant (represented by appellate counsel who did not try the case) explains his failure to make the contention on the appeal to the Appellate Division on the basis that he did not know of the availability of the point until the Appellate Division decision in *Koch, supra,* decided March 9, 1972.

We pass the point that there is inadequate proof in this record concerning absence of counsel and lack of waiver thereof in the Texas and New Mexico prosecutions as we deem it in the interest of all concerned to decide the merits of the issue tendered on an assumption, made only for the purpose of this opinion, of the truth of the allegations.[1]

Appraisal of the merits of defendant's position calls for some background.

The body of defendant's wife, Charlotte Miscavage, was found by friends on the floor of the bathroom of their home on September 11, 1967. The evidence was that she had been dead some time; there was blood all over the floor and on the body. A broken bottle top was nearby and several nylon stockings were around her neck. The expert opinion was that death was due to strangulation. There was a history of apparent habitual consumption by defendant of beer and

---

[1] In *United States ex rel. Miscavage v. Howard Co. Dist. Ct., Tex.,* 339 *F. Supp.* 292 (D. C. 1972) the federal district court of New Jersey pronounced defendant's Texas convictions void on *Burgett-Tucker* grounds insofar as they affected his status as a multiple offender in New Jersey for parole eligibility purposes. The New Mexico convictions were not involved. The sole defendant, the Texas court named in the case title, did not defend the action. No New Jersey official or agency was named a party to the proceeding

Defendant was thereafter resentenced to the same 18–25 year term as imposed originally pursuant to an order for resentencing in the cited case.

drugs, taken together. There was also evidence of use of drugs by the victim, who was a hospital nurse. It is unnecessary for present purposes to detail all the proofs connecting defendant with the homicide. They are overwhelming, and include several confessions. The substantial defense at trial was insanity, supported by the opinions of two medical witnesses who said defendant was a chronic schizophrenic. In their opinion, if he commited the crime, he did not realize the nature and quality of his act or that it was wrong to do what he did, because of mental disease. The State submitted contrary medical opinions.

Defendant's own testimony was, in substance, to the effect that on September 3, 1967, after consumption by him of beer and a barbiturate, an argument developed between himself and his wife over her refusal to go with him to a picnic; that she induced him to permit her to inject him with a drug; and that when he awoke he saw blood all over the bathroom, panicked, and fled the apartment with all the money he could find there, remembering nothing thereafter until he found himself in jail a week later.

In the course of his opening to the jury defense counsel (who tried the case ably) said:

> * * * you know, from the questions I have asked, that he [defendant] has been convicted of crime on prior occasions * * * while he was living * * * in the New Mexico, Texas area. * * * There were three instances when he was convicted of the crime of forgery.

On defendant's direct examination as a witness he confirmed the fact that he had been "in penitentiaries" on three occasions. Dr. Sooy, a defense medical expert, related on direct examination defendant's history as given to him by the latter, including the following:

> "He states he was in the Texas State Penitentiary in the late 40's * * * crimes of forgery of checks. Also in the penitentiary, New Mexico, a couple of times in the late 40's or 50's, the same offense. * * * As far as he can recollect, *the only crime he was ever guilty of* was this check forgery bit." (Emphasis added.)

In cross-examination of Dr. Sooy, the State, without objection, inquired whether the fact that defendant had been in prison three times did not have an effect on defendant's ability to convince the doctor of an untruth. The State also alluded, without objection, to defendant's penal experience in cross-examining defendant's other medical expert, Dr. Brunt.

Dr. Garber, testifying as a rebuttal medical witness on behalf of the State, recited defendant's history as related to him by the latter, including: that defendant's first wife divorced him "while he was serving time in the New Mexico penitentiary"; that his first admission to a penitentiary was in the 1940's in Texas on a charge of forgery; that the second was to a New Mexico institution in the late '40s and again in the 1950's on charges of forgery; and that he had been arrested in Newark at the age of 18 or 19 on a charge of embezzlement which was dropped. There was no objection by the defense to any of this testimony.

In summation, in discussion of the defense hypothesis of schizophrenia, the prosecutor mentioned that defendant was "in several institutions, penal as well as other."

The trial judge instructed the jury in conventional terms on the appropriateness of their consideration of the prior convictions of crime alluded to, but only for the purpose of affecting the credibility of the defendant as a witness, and providing they concluded as a matter of fact that 'the convictions did have such effect. Although defense counsel made a number of objections to other parts of the charge to the jury he raised none as to the matter of use of prior convictions.

■ We conclude that the matter complained of is not a just ground for reversal.

■ ■ 1. The defense deliberately injected the element of prior crimes and conviction and incarceration therefor into the case for its own purposes. While the initial allusion to the subject in counsel's opening may have been prompted by the tactical motive of drawing the sting of the convic-

tions in advance of any prosecution development of them on its cross-examination of defendant as his own witness, the incorporation of the data as to past criminal *conduct* by defendant in the testimony of Dr. Sooy as to his history may fairly be deemed to have been conceived by the defense as a part of its attempted establishment of the defense of insanity. This was a strategic trial decision which an appellate court may decline to permit defendant to disavow, in the interest of fair and conclusive administration of the litigation process. *State v. Macon,* 57 *N. J.* 325, 337 (1971); and see *Petition of Forcella,* 371 *F.* 2d 37, 43, 46–47 (3 Cir. 1967), *cert.* den. 386 *U. S.* 1035, 87 S. Ct. 1488, 18 L. Ed. 2d 599 (1967). Moreover, the defense itself having introduced the *fact* of previous commission of crime, the added circumstance of conviction for that crime, incidentally adverted to in the testimony, cannot be regarded as actually prejudicial to defendant. Proof of an uncounselled conviction is barred because of the risk that a conviction so obtained would be untruthful. That hazard does not exist when the defense itself elicits testimony that the defendant committed the criminal act.

██ And once the convictions came into the record, the trial court was duty bound, in protection of defendant's interests as well as in vindication of the pertinent statutory policy, to charge on the proper use and effect of prior convictions in the jury's deliberations lest the jury might think that the criminal conduct evidenced by the convictions could serve as substantive proof of a criminal propensity supporting the State's charge that defendant committed the crime for which he was on trial. *N. J. S. A.* 2A:81–12; *State v. Hawthorne,* 49 *N. J.* 130 (1967).

██ 2. The invalidity on due process grounds of use by the State of prior uncounselled convictions of a defendant was distinctly signalled by the Supreme Court in *Burgett, supra,* decided November 13, 1967. The instant case was tried in February 1969, and *Burgett* was thus known to or imputably within the knowledge of trial counsel. In *State*

*v. Koch, supra,* the Appellate Division said, and we think correctly, that as to cases tried after the decision of *Burgett* a defendant should ordinarily be barred on post-conviction review (and, we add, on appeal) from complaining of the use by the State at the trial of prior uncounselled convictions to affect credibility if he failed to object thereto on that ground at trial. 118 *N. J. Super.,* at 433, n. 6.

In the context of the present record there is no reason why absence of defense objection to the charge or to the several allusions at the trial to the prior convictions, on *Burgett* grounds, should not *prima facie* bar the issue as a ground of appeal; and this more especially in view of the circumstance that it was defendant himself who brought the subject matter of prior crime and convictions into the trial in the first place.

 3. In order for alleged trial error to be invocable as "plain error" for the first time on appeal, appellant must demonstrate a possibility of injustice—a possibility that is "real" in the sense that it raises "a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." *State v. Macon, supra* (57 *N. J.,* at 336). This criterion is not essentially different from the converse concept of "harmless [error] beyond a reasonable doubt" which (upon demonstration by the State) will lead a federal or state court to overlook trial error even of federal constitutional magnitude. *Macon, supra,* 57 *N. J.,* at 340–341; *Chapman v. California,* 386 *U. S.* 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).

We have no hesitation, upon a review of the record as a whole, in concluding beyond a reasonable doubt that the introduction at the trial of the subject of defendant's old convictions of forgery (and of his early arrest for embezzlement), as well as the trial judge's charge to the jury on the subject, did not contribute to the jury's verdict in any way. That verdict was the practically inevitable product of the compelling array of evidence demonstrating beyond cavil defendant's responsibility for the crime. See *Gilday v. Sca-*

*fati*, 428 *F*. 2d 1027 (1 Cir. 1970), *cert.* den. 400 *U. S.* 926, 91 S. Ct. 188, 27 L. Ed. 2d 186 (1970); *Tucker v. United States*, 431 *F*. 2d 1292 (9 Cir. 1970), aff'd *sub nom. United States v. Tucker, supra.*

We have, as requested by defendant, examined all the grounds of appeal advanced in his Appellate Division brief; and we find none of them to have merit and all to have been adequately dealt with in that court's opinion.

Judgment affirmed.

*For affirmance* — Chief Justice WEINTRAUB, Justices JACOBS and HALL and Judges CONFORD, SULLIVAN and LEWIS—6.

*For reversal*—None.