341 A.2d 81

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John R. CONNER, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 3, 1974.

Decided July 7, 1975.

284

---

John R. Conner, in pro. per. in No. 23.

Nelson M. Galloway, Harrisburg, for appellant in No. 45.

Marion E. MacIntyre, Deputy Dist. Atty., LeRoy S. Zimmerman, Dist. Atty., Harrisburg, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

The appellant, John R. Conner, was convicted by a jury of voluntary manslaughter on June 13, 1969.[1] Subsequently, he filed two separate petitions for writs of coram nobis with the Court of Common Pleas of Dauphin County alleging his conviction was tainted by the use at trial of four prior uncounseled convictions to impeach his credibility as a witness and to enhance his punishment. In each petition Conner sought the grant of a new trial or, in the alternative, a reconsideration of sentence. The lower court, while recognizing the invalidity of the four prior convictions,[2] nevertheless denied Conner the requested relief. This one appeal, consolidating the two petitions, followed.

Initially, we note that the common law remedy of coram nobis is not a proper avenue for the relief Conner seeks. Rather, he should have initiated a proceeding under the Post Conviction Hearing Act[3] and followed the procedures set forth therein.

■■ By its own terms, the Act "establishes a post-conviction procedure for providing relief from convictions obtained and sentences imposed without due process of law." It "encompass[es] all common law and statutory procedures for the same purpose that exist when this statute takes effect, including habeas corpus and *coram nobis*." [Emphasis supplied.] 19 P.S. §

---

1. A sentence of 6 to 12 years imprisonment was imposed. On October 12, 1971, this Court affirmed the judgment of sentence. *Commonwealth v. Conner*, 445 Pa. 36, 282 A.2d 23 (1971).

2. Subsequent to the instant trial, the Court of Common Pleas of Dauphin County ordered two 1938 convictions for attempted robbery and burglary expunged from Conner's record. By order of the Court of Common Pleas of Cumberland County, two 1941 convictions for burglary were expunged from Conner's record.

3. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq.

1180–2. However, as noted by this Court in *Commonwealth v. Sheehan*, 446 Pa. 35, 39, 285 A.2d 465, 467 (1971), the intent of the Act "was not to abolish the common law remedies of habeas corpus and coram nobis, but rather to promulgate an *exclusive*, well-defined procedure for the presentation of those grievances set forth in the Act by an aggrieved person who is under the duress of punishment, whether in prison or on parole or probation." [Emphasis supplied.] Thus, when an individual, like Conner is "incarcerated in the Commonwealth of Pennsylvania under a sentence of . . . imprisonment . . . ." 19 P.S. § 1180–3(b), he or she *must* initiate a proceeding under the Act in order to collaterally attack a conviction. However, inasmuch as the trial court has already given consideration to the merits of Conner's petitions, we believe it would conserve judicial time and avoid further post conviction litigation if we were to presently consider Conner's claims.

In *Commonwealth v. Sheehan*, supra, a proceeding under the Act was brought challenging the validity of a prior judgment because of facts not before the trial court when the judgment was entered. However, the petitioner in *Sheehan* was neither incarcerated, on parole or on probation. While recognizing that the petitioner in *Sheehan* was not eligible for relief under the Act, we nevertheless permitted the petition to be considered and treated as a petition for a writ of coram nobis. In so doing, we adopted the reasoning of the United States Supreme Court in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that courts should act by whatever procedural channels appear necessary to do justice when the record makes plain a right to relief. Similar reasoning is applicable instantly. We will, therefore, consider Conner's petitions as petitions brought under the Post Conviction Hearing Act.

Conner, relying upon *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) and *Loper v. Beto*,

405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), contends the use at trial of four prior convictions invalid under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), operated as a denial of due process. In *Burgett v. Texas*, supra, the State, to enhance punishment under the Texas recidivist statutes, offered into evidence at trial prior convictions presumptively obtained without counsel. In reversing the Texas judgment, the United States Supreme Court stated:

> "To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that . . . right."

389 U.S. at 115, 88 S.Ct. at 262. See also *Commonwealth v. Bower*, 442 Pa. 379, 275 A.2d 109 (1971).

Subsequently, in *Loper v. Beto*, supra, the Court was faced with this question: "Does the use of prior, void convictions for impeachment purposes deprive a criminal defendant of due process of law where their use might well have influenced the outcome of the case?" The Court ruled it did and the plurality opinion joined in by four justices stated: "Unless *Burgett* is to be foresaken, the conclusion is inescapable that the use of convictions constitutionally invalid under *Gideon v. Wainwright* to impeach a defendant's credibility deprives him of due process of law." *Loper v. Beto*, supra 405 U.S. at 483, 92 S.Ct. at 1019. These precedents, Conner claims, mandate the grant of a new trial.

■ However, in contradistinction to the above cases, the prior invalid convictions here were not introduced into evidence by the prosecution; they were introduced by Conner himself. The record reveals that Conner took

the stand in his own defense and, in an attempted display of candor, revealed his past criminal record including the four invalid convictions. Despite this, Conner would have us extend the rationale of *Burgett v. Texas,* supra, and *Loper v. Beto,* supra, to the instant case on the ground that had he not introduced his past criminal record, the Commonwealth, in its cross-examination of him, surely would have. However, the fact remains that the Commonwealth did not introduce the prior invalid convictions, nor did it cross-examine Conner concerning them.[4] Moreover, Conner alleges no facts which would indicate the Commonwealth did plan to utilize the invalid convictions to impeach his testimony.

Conner introduced his past criminal record as a matter of trial strategy, to support his credibility and soften the anticipated blow in the eyes of the jurors. Having adopted this strategy, which appeared to be in his best interest, Conner cannot now be heard to complain that his own act of offering such evidence violated his constitutional rights. Under these circumstances, a new trial is not warranted. See *Shorter v. United States,* 412 F.2d 428 (9th Cir. 1969), cert. denied, 396 U.S. 970, 90 S.Ct. 454, 24 L.Ed.2d 436 (1969); *State v. Miscavage,* 62 N.J. 294, 301 A.2d 136 (1973). Cf. *Commonwealth v. Alston,* 461 Pa. 664, 337 A.2d 597 (1975); *Commonwealth v. Saunders,* 459 Pa. 677, 331 A.2d 193 (1975); *Commonwealth v. Greene,* 456 Pa. 195, 317 A.2d 268 (1974).

However, we do believe the record should be remanded to the trial court for a reconsideration of Conner's sentence. While appellate courts are reluctant to interfere with the discretion of trial courts in sentencing matters, *Commonwealth v. Person,* 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971), where misinformation of a constitutional magnitude is given specific consideration by the sentenc-

---

4. Cross-examination was directed to show prior convictions but not to the convictions which were subsequently invalidated.

ing judge, the case must be remanded for sentencing anew. See *United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589, 30 L.Ed.2d 592 (1972) ; *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) ; *United States v. Janiec*, 464 F.2d 126 (3d Cir. 1972) ; *Commonwealth v. Hewlett*, 223 Pa.Super. 55, 296 A.2d 846 (1972). A review of the sentencing proceedings indicates the trial court did give specific consideration to Conner's invalid convictions in its imposition of sentence.[5]

The trial court, during the sentencing proceedings, entered into the following colloquy with the assistant district attorney:

"Mr. Klein: Your Honor, John Robert Conner began his criminal activities a month before I was born in 1938—robberies, hold ups, larcenies, false pretense, Mann Act, arson, burglary, finally culminating with voluntary manslaughter.

"The Court: I am well acquainted with him.

"Mr. Klein: He is presently in jail on a gun charge.

"The Court: I am well acquainted with his record. It began what year?

"Mr. Klein: February of 1938, Your Honor.

"The Court: That was just one and one-half months after I became District Attorney of this County.

"Mr. Klein: Yes, sir, you were District Attorney.

"The Court: You remember me as District Attorney, don't you?

"The Defendant: Yes, sir.

"The Court: All right, anything further?

"Mr. Klein: No, Your Honor.

5. The Commonwealth does not contend the issues presented here have been waived by failure to raise them on direct appeal. Nevertheless, we have given this consideration and conclude that under the circumstances no waiver occurred.

"The Court: The sentence of law as pronounced by the Court is that you pay a fine of $10.00 to the Commonwealth, pay the costs of prosecution, that you be imprisoned for a term of not more than 12 years nor less than 6 years . . . ."

■ The whole tenor of this colloquy makes it evident the trial court considered Conner's "criminal activities" immediately prior to imposing sentence. However, included within these "criminal activities" were the four invalid convictions for robbery and burglary.[6] If the trial court had been aware of the constitutional infirmity of these convictions, the background of Conner may have appeared in a dramatically different perspective at the sentencing proceedings. Therefore, we remand the record to the trial court for resentencing which must be without consideration of any prior convictions invalid under *Gideon v. Wainwright*, supra.[7]

It is so ordered.

JONES, C. J., took no part in the consideration or decision of this case.

---

6. In addition, the reference to a "gun charge" was in connection with a conviction for the unlawful possession of a firearm. This conviction was subsequently reversed by this Court. See *Commonwealth v. Conner*, 452 Pa. 333, 305 A.2d 341 (1973).

7. We note that Conner has asked, in the event of a remand back to the Court of Common Pleas of Dauphin County, for a change of venue to assure him a fair and impartial tribunal. He alleges there exists an overall prejudice towards him by reason of a civil rights action filed by him against the district attorney and assistant district attorney of Dauphin County and the former warden of the Dauphin County Prison. We refuse to grant the request because the allegation that a judicial officer would be unfavorably prejudiced against Conner simply because of pending civil litigation against other county officials is an affront to the integrity of the judiciary and without reasonable basis.