384 A.2d 1192

**COMMONWEALTH of Pennsylvania**

**v.**

**John R. CONNER, Appellant.**

Supreme Court of Pennsylvania.

Argued May 23, 1977.

Decided March 23, 1978.

Nelson M. Galloway, Harrisburg, for appellant.

LeRoy S. Zimmerman, Dist. Atty., Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

On June 13, 1969, appellant was convicted by a jury of voluntary manslaughter. Following the denial of post-verdict motions, he was sentenced to a term of imprisonment of not less than six nor more than twelve years. On direct appeal, this Court affirmed the judgment of sentence. *Commonwealth v. Conner*, 445 Pa. 36, 282 A.2d 23 (1971). On July 7, 1975, this Court, acting upon appellant's pro se petition for a writ of coram nobis, remanded the case to the trial court for resentencing of appellant without consideration of any uncounseled convictions expunged from appellant's record because invalid under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Commonwealth v. Conner*, 462 Pa. 282, 341 A.2d 81 (1975). Appellant was resentenced on August 21, 1975, to a term of imprisonment of not less than six nor more than twelve years, to be computed from December 11, 1965. From this judgment of sentence, appellant now appeals.[1]

 Appellant challenges the sentence imposed upon resentencing on the grounds that the judge who resentenced

---

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977).

appellant should have disqualified himself and that the sentence imposed constitutes cruel and unusual punishment.[2] We hold both contentions lack merit.[3]

Judgment of sentence affirmed.

**2.** Appellant does not contend that the sentence must be vacated because the trial court failed to articulate reasons for the sentence imposed. See generally, *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion). Nor does he argue that the trial court erred in failing to consider appellant's background, characteristics, relative culpability or prospects for rehabilitation. See generally, *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). To the contrary, appellant's argument suggests sentence should be based solely upon the nature of this "passion" crime. Indeed, counsel's statements at the resentencing proceeding were directed entirely to the nature of the crime and brought to the court's attention no information concerning appellant's background, character or prospects for rehabilitation.

**3.** Appellant also raises numerous alleged trial errors not properly within the scope of this appeal arising from a proceeding at which imposition of sentence was the only issue. Appellant's contention that the Commonwealth improperly cross-examined him was finally litigated in appellant's initial direct appeal. *Commonwealth v. Conner*, 445 Pa. 36, 39, 282 A.2d 23, 25 (1971). Appellant's assertion that the trial court erred in refusing to permit the record to reflect alleged prejudicial and inflammatory remarks by the Commonwealth was also finally determined in that appeal. Appellant's challenge to the trial court's use of the word "victim" and the Commonwealth's attempt to call appellant's wife as a witness were waived by appellant's failure to raise them in his first direct appeal.