401 A.2d 1233

COMMONWEALTH of Pennsylvania

v.

Robert Lee CARR, Appellant.

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided April 17, 1979.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

In a jury trial held on May 14, 1970, appellant was found guilty under The Penal Code [1] of aggravated robbery [2] and larceny. [3] He received concurrent sentences of ten to twenty years on the aggravated robbery charge and two and one-half to five years on the larceny charge. Following an affirmance of his conviction by this court, *Commonwealth v. Carr,* 221 Pa.Super. 768, 291 A.2d 801 (1972), and a denial of his petition for allocatur by the supreme court, 222 Pa.Super. xxxvi, appellant filed a petition under the Post Conviction Hearing Act, alleging, *inter alia,* ineffective assistance of counsel. *See* Act of January 25, 1966, P.L. (1965) 1580, § 3, 19 P.S. § 1180–3(c)(6) (Supp.1978–79). On November 10, 1976, counsel was appointed and an amended petition filed December 12, 1976. On January 5, 1977, the court below denied appellant's petition. Appellant appeals from the order of January 5, and contends that the court below erred in denying his petition without a hearing. For the reasons stated herein, we affirm the order of the court below.

1. Act of June 24, 1939, P.L. 872, §§ 101 *et seq.,* 18 P.S. §§ 4101 *et seq., repealed,* Act of Dec. 6, 1972, P.L. 1482, § 5.

2. *Id.* at § 705, 18 P.S. § 4705.

3. *Id.* at § 807, 18 P.S. § 4807.

Under the Post Conviction Hearing Act, a petition may be dismissed without a hearing if the "claim is patently frivolous." Act of January 25, 1966, *supra,* at § 9, 19 P.S. § 1180–9.

"The scope of what is patently frivolous is delineated by reference to what it is not. Section 9 of the PCHA states that '[i]f a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing . . . .'" *Commonwealth v. Laboy,* 460 Pa. 466, 470, 333 A.2d 868, 869 (1975).

Instantly, appellant's complaint relates to an incident which occurred during sentencing on October 10, 1971. Judge Caldwell, the presiding judge at the sentencing by reason of the unavailability of Judge Shelley, the trial judge, indicated in passing sentence that he had reviewed the transcript of the trial and found little or no mitigating evidence. He further noted that appellant had twice been convicted for robbery. This latter statement by the judge was in fact an erroneous reading of the sentencing report in that appellant's two prior convictions had been for burglary. Appellant's counsel failed to bring this error to the attention of the court, and this omission by counsel serves as the basis of appellant's claim of ineffectiveness.

In spite of this failure by trial counsel, we agree that appellant's claim was frivolous, and that the court below did not err in denying appellant's petition in lieu of a hearing. We deem this result particularly appropriate since the PCHA petition was reviewed by Judge Caldwell who stated in denying the petition, "the sentence imposed was fully supported and justified by the seriousness of the crime committed by defendant and the information available to the court concerning petitioner."

Appellant contends, however, that the error of the judge was of a serious nature and may have influenced the sentence ultimately imposed. In support of this proposition, appellant cites *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), *Commonwealth v. Conner,* 462 Pa. 282, 341 A.2d 81 (1975), and *Commonwealth v.*

*Hewlett,* 223 Pa.Super. 55, 296 A.2d 846 (1972). In those cases, the respective courts reversed the sentences imposed and remanded for re-sentencing when each sentencing judge considered the defendant's prior convictions in imposing sentence. Reversal was mandated when it was discovered that all or some of the prior convictions were found to have been constitutionally infirm.

The mere statement of those cases indicates that they are not dispositive of the instant proceeding. In contrast to *Tucker* in which two out of three of the defendant's prior convictions were defective, or *Conner* in which the court took cognizance of four infirm convictions, or *Hewlett* in which the defendant's only prior conviction was considered in imposing sentence, the error of the court below was not of such monumental proportions. *See also Commonwealth v. Calvert,* 463 Pa. 211, 344 A.2d 797 (1975) (court considered thirty-two prior infirm convictions).

The concern of Judge Caldwell in imposing sentence was that appellant had previously been convicted of two serious offenses. Instead of the prior convictions being for robbery, which constitutes a felony punishable by either ten or twenty years imprisonment,[4] appellant's actual crimes were for burglary, also a felony and punishable by twenty years imprisonment.[5] In light of the similar seriousness of the two offenses and the purpose for which the prior convictions were considered, as well as the fact that the PCHA petition was reviewed by the sentencing judge who concluded that the error had no impact upon the sentence, we conclude that appellant's claim did not entitle him to PCHA relief. Accordingly, the court below did not err in denying appellant's petition without a full PCHA hearing.

Order of the lower court affirmed.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

4. *Id.* at §§ 704, 705, 18 P.S. §§ 4704, 4705.

5. *Id.* at § 901, 18 P.S. § 4901.