J-A11001-22

2022 PA Super 219

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM STEVENSON | : | |
| | : | |
| Appellant | : | No. 1157 EDA 2021 |

Appeal from the Judgment of Sentence Entered April 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000724-2018

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY BOWES, J.:                    **FILED DECEMBER 23, 2022**

Raheem Stevenson appeals from the judgment of sentence of eight to sixteen years of imprisonment followed by ten years of probation that was imposed after a jury convicted him of two counts of robbery and one count each of burglary and criminal conspiracy.[1] We affirm.

On December 3, 2017, Wenting Ruan ("Katie") and Yuguan Lin ("Lin") parked their vehicle in front of 3000 North Franklin Street in Philadelphia, where the couple resided and operated a beer distribution center.[2] As they exited their vehicle, Appellant and his two cohorts surrounded them, taking

---

[1] Although Appellant purports to appeal from the order denying his post-sentence motion, the appeal properly lies from the judgment of sentence. ***See Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa.Super. 2003) (*en banc*) (finding that a direct appeal properly lies from the judgment of sentence, not the order denying the post-sentence motion).

[2] At trial, Wenting Ruan asked to be called "Katie." ***See*** N.T. Jury Trial, 3/11/20, at 41.

Katie's purse and Lin's iPhone. The purse contained approximately $700, a checkbook, and a red wallet. The perpetrators then demanded entry into the building. Once inside, the three men threatened Katie and Lin with violence while filling black plastic bags with money, Newport cigarettes, and Black & Mild cigars.

Once the parties fled, Katie called the police who tracked Lin's stolen iPhone to a parked vehicle. Inside the vehicle, the police found Appellant seated in the front passenger seat on top of Katie's red wallet while surrounded by Newport cigarettes and Black & Mild cigars. Appellant was arrested and charged with two counts of robbery, burglary, and criminal conspiracy. Execution of a search warrant for the vehicle uncovered Lin's stolen iPhone, a ski mask, and clothing consistent with the victims' description of Appellant.

Appellant elected to be tried by a jury. After the Commonwealth's case-in-chief, Appellant indicated that he planned to testify. *See* N.T. Jury Trial, 3/12/20, at 68-72. Trial counsel told the court that Appellant had a prior conviction for burglary resulting from a guilty plea in 2005 and admitted that the conviction likely qualified as *crimen falsi*. **Id**. at 70. However, counsel requested that the court preclude its admission on remoteness grounds. **Id**. The Commonwealth briefly countered that the conviction should be admissible given "the nature of the charges." **Id**. at 70-71. The trial court denied Appellant's oral motion *in limine*. **Id**. Trial counsel immediately conducted a supplemental colloquy of Appellant, inquiring whether the admissibility of

- 2 -

Appellant's prior conviction altered his decision to testify. *Id*. at 71-72. Appellant indicated that the ruling had no effect on his desire to testify and acknowledged that this decision was in direct contradiction of trial counsel's advice. *Id*. Thereafter, Appellant testified, asserting his innocence. At the conclusion of his direct-examination, trial counsel asked and Appellant confirmed that in 2005 he pled guilty to burglary. *Id*. at 84. The Commonwealth did not re-visit Appellant's prior conviction during its cross-examination or mention it during closing arguments. *Id*. at 85-94. In its closing charge to the jury, the trial court provided a cautionary instruction specific to the prior burglary conviction. *Id*. at 144-45.

The jury found Appellant guilty of the above referenced offenses and the trial court imposed the sentence indicated above. Appellant filed a timely post-sentence motion, challenging the sufficiency of the evidence and the admission of his prior burglary conviction, which was denied. This timely appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Did the trial court abuse its discretion when it denied [Appellant's] motion *in limine* to preclude his 2005 burglary conviction, from which he was released from confinement thirteen years before trial, where:

a) The prosecution failed to provide advance written notice of its intent to use the conviction and could not satisfy its prosecutorial burden of articulating a need to use it; and,

      b) The trial court admitted the conviction without first conducting Pa.R.Evid. 609(b)'s mandatory balancing test.

Appellant's brief at 3 (emphases omitted).

Before we address the merits of the motion *in limine* issue, we must consider whether the claim has been properly preserved for appellate review. According to the Commonwealth, the matter is waived. ***See*** Commonwealth's brief at 12-15. We agree that Appellant's decision to offer his own prior conviction precludes the challenge he raises in this appeal.

It is well-established that the first prerequisite for a party to challenge an evidentiary ruling is to make a timely objection, motion to strike, or a motion *in limine*. In that vein, our Rules of Evidence provide as follows:

**(a)**   **Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only:

    (1)   if the ruling admits evidence, a party, on the record:

        (A)   makes a timely, objection, motion to strike, or motion *in limine*; and

        (B)   states the specific ground, unless it was apparent from the context; or

    (2)   if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.

**(b)**   **Not Needing to Renew an Objection or Offer of Proof.** Once the court rules definitively on the record - - either before or at trial – a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

Pa.R.E. 103. Herein, Appellant made an oral motion *in limine* to preclude the Commonwealth from using his 2005 burglary conviction. The Commonwealth

- 4 -

opposed the motion, and the court denied it. Accordingly, Appellant initially preserved his claim of error. *Id*.

However, a properly preserved issue may be forfeited when a defendant introduces the evidence at trial. In ***Commonwealth v. Conner***, 341 A.2d 81, 84 (Pa. 1975), our Supreme Court held that when a defendant introduces evidence at trial, he cannot later raise a claim of error challenging the admission of that evidence. Therein, the defendant's trial counsel anticipated that his prior convictions would come in on cross-examination and made the strategic decision to tactically introduce them through his direct examination of the defendant. Once admitted by the defense, the Commonwealth did not revisit the issue. The defendant was later convicted and appealed his conviction, arguing that the admission of his prior convictions constituted a due process violation.

Our Supreme Court found that the claim was waived, explaining:

[the defendant] introduced his past criminal record as a matter of trial strategy, to support his credibility and soften the anticipated blow in the eyes of the jurors. Having adopted this strategy, which appeared to be in his best interest, [the defendant] cannot now be heard to complain that his own act of offering such evidence violated his constitutional rights. Under these circumstances, a new trial is not warranted.

*Id*. at 84. Importantly, while the ***Conner*** opinion did not involve a motion *in limine*, our High Court did not limit its holding to that precise circumstance. Instead, the Court's analysis focused on which party admitted the conviction. *Id*. at 83-84.

- 5 -

Herein, like the defendant in **Conner**, Appellant made the strategic decision to admit his prior conviction in order to lessen the sting of the Commonwealth's anticipated elicitation of the conviction on cross-examination. Accordingly, while the procedural history in **Conner** is not identical to ours, the fact that the defendants in both cases introduced the convictions themselves and then challenged the admission later is the crucial point. Thus, our Supreme Court's decision in **Conner** supports the Commonwealth's position that claim forfeiture applies. **See** Commonwealth's reply brief at 2.

Other Pennsylvania cases have also found that a defendant forfeits claims of trial court error concerning the admission of objectionable evidence when he "opens the door" to the evidence. In **Commonwealth v. Lewis**, 885 A.2d 51, 54-55 (Pa.Super. 2005), a prior panel of this court determined that a defendant "opened the door" to testimony about his own prior bad acts after his counsel questioned a police witness about drug-related encounters with the defendant. Similarly, in **Commonwealth v. Stakley**, 365 A.2d 1298, 1300 (Pa.Super. 1976) (*en banc*), this court found that defense counsel's suggestion that the defendant had been honorably discharged from the military opened the door to rebuttal testimony that he had not, explaining that an appellant who delves into objectionable testimony at trial cannot later claim error on appeal.

This forfeiture analysis is consistent with well-established federal law, which provides that a defendant cannot later challenge an adverse motion *in limine* ruling on appeal if he testifies and admits the at-issue prior conviction on direct examination. In **Ohler v. United States**, 529 U.S. 753, 760 (2000), the defendant admitted a prior conviction on direct examination after the district court issued an *in limine* ruling that the prior conviction was admissible. Thereafter, the defendant was convicted and challenged the motion *in limine* ruling on appeal. The United States Supreme Court affirmed the judgment of sentence, finding that claim forfeiture applied because the defendant strategically admitted the prior conviction. **Id**. at 755 ("a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted.").

In sum, an appellant who receives an adverse evidentiary ruling can either preserve the issue for appeal by lodging an objection to the introduction of the evidence, or he can make a strategic choice to forfeit the objection and preemptively introduce the evidence himself. He cannot do both simultaneously.[3] Herein, Appellant chose the latter. Due to the forfeiture of

_____

[3] To the extent Appellant suggests that he did not forfeit the ruling by preemptively testifying because the decision to do so amounted to sound trial strategy, we disagree. **See** Appellant's brief at 16 (arguing "defense counsel properly impeached [Appellant] with it to 'lessen its sting' as a defense strategy"). Appellant has cited no precedential support for this position, and we have uncovered none. Moreover, we generally defer any assessment of the strength of a trial counsel's chosen strategy to collateral review. **See**
*(Footnote Continued Next Page)*

the claim of error, Appellant is not entitled to litigate the propriety of the trial court's ruling in this appeal.

Judgment of sentence affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2022

---

***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013) (reaffirming the general principle that ineffective assistance of counsel claims must be deferred to collateral review, absent two limited exceptions that are not relevant here).

[4] On October 5, 2022, former Assistant District Attorney Tanya Kapoor, Esquire, filed an application to withdraw as counsel for the Commonwealth. We hereby grant Ms. Kapoor's request. Ms. Kapoor's supervisor, Laurence J. Goode, Esquire, continues to represent the Commonwealth.