J-S21008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :              PENNSYLVANIA
                                               :
                v.                       :
                                               :
                                               :
BRANDON M. MERWINE            :
                                               :
              Appellant              :     No. 1651 MDA 2022

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000572-2022

BEFORE:    BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                      **JUNE 12, 2023**

Brandon M. Merwine appeals from the judgment of sentence of twelve to twenty-four months of incarceration imposed following his guilty plea to one count each of driving under the influence ("DUI") and possession of a controlled substance. We dismiss this appeal.

At a status conference on November 18, 2022, Appellant entered a negotiated guilty plea and was sentenced in two criminal cases, listed at docket numbers CR-572-2022 and CR-578-2022. At CR-572-2022, Appellant pled guilty and was sentenced as indicated hereinabove, with his sentence to run concurrent to a term that Appellant was then serving. At CR-578-2022, Appellant pled guilty to one count of DUI and driving while operating privilege is suspended or revoked. For those offenses, the trial court imposed an

---

[*] Retired Senior Judge assigned to the Superior Court.

aggregate term of twenty-seven months to seven years of incarceration, to run consecutive to the sentence Appellant was then serving. Appellant was represented by counsel during the proceedings.

Thereafter, Appellant filed a timely *pro se* notice of appeal at CR-572-2022.[1] In the notice, Appellant sought to both waive his right to counsel and raise the two following issues:

(1)    I was offered [twenty-four] months to [seven] years first ran concurrent to case [CR-]140[-2021] not [twenty-seven] months to [nine] years[.]

(2)    I feel that my attorney used my short[-]term memory loss against me[.]

Notice of Appeal, 12/1/22, at unnumbered 1.[2]

On December 23, 2022, the trial court held a ***Grazier***[3] hearing and found that Appellant made his request to proceed *pro se* knowingly, intelligently, and voluntarily. The court also directed Appellant to file a Pa.R.A.P 1925(b) statement and to request any appropriate transcripts. However, Appellant failed to do either.

_____

[1] He did not file any notice of appeal at CR-578-2022.

[2] Since Appellant seeks to challenge the sentence of twenty-seven months to seven years of incarceration imposed at CR-578-2022, it appears that he appealed the wrong criminal action number, *i.e.*, CR-572-2022 instead of CR-578-2022. However, given our summary disposition, it is immaterial that Appellant's issues do not align with the criminal action number listed on his notice of appeal.

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) (procedure for determining voluntariness of decision to waive counsel).

The trial court complied with Pa.R.A.P. 1925, finding that all of Appellant's issues on appeal were waived for failure to file a Rule 1925(b) statement. Nonetheless, the court addressed the merits of the two issues stated in Appellant's notice of appeal.[4]

Appellant subsequently filed a brief in this Court. Critically, the handwritten brief is a fraction of a single page of line-ruled paper. In total, the brief states as follows:

> 1651 MDA 2022    Brief S72 2002    Brandon Merwine
>
> My lawyer lied to me[.] He told me my case was running my case [sic] concurrent to the other case and they ran it consecutive[.]

Appellant's brief (unnecessary capitalization omitted). Appellant further failed to file a reproduced record with this Court and, because Appellant failed to request the transcript from the plea proceedings, none appears in the certified record. In addition to these record failings, the purported brief is wholly deficient.

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa.Super. 2017). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014)

---

[4] We laud the trial court for addressing the claims to the best of its ability, despite its belief that they were not properly raised or preserved.

(citation omitted). "Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Commonwealth v. Gray,* 608 A.2d 534, 550 (Pa.Super. 1992) (cleaned up).

After review of Appellant's brief, we find that he has waived any issues due to his failure to abide by the Pennsylvania Rules of Appellate Procedure and his failure to develop issues permitting us effective review. Appellant's filing does not comply with any aspect of our rules of appellate procedure concerning the content of briefs. Not only does it omit a statement of questions presented as required by Pa.R.A.P. 2111(a)(4), it is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(5) (requiring a statement of the case); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief is likewise devoid of citations to the record or to any legal authority, as are required by Pa.R.A.P. 2119(c) and (b), respectively, and does not attempt to develop any argument in support of any raised claim.

Appellant's complete disregard for the rules of appellate procedure has left this Court unable to conduct meaningful review. *See*, *e.g.*, *Commonwealth v. Conte*, 198 A.3d 1169, 1181 (Pa.Super. 2018) (finding that issues not addressed in an appellate brief were waived); *see also*

*Commonwealth v. Sanford*, 445 A.2d 149, 151 (Pa.Super. 1982) (declining to address merits of appeal because the brief was "so defective as to preclude effective, appellate review"). Further, "[i]t is not the role of this Court to develop Appellant's argument." *Commonwealth v. Gilliam*, 249 A.3d 257, 271 (Pa.Super. 2021) (citation omitted). Accordingly, we dismiss this appeal without considering its merits. *See* Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal"); Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed").[5]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/12/2023

---

[5] Even if we were to interpret the statement made in Appellant's brief as a properly developed challenge to trial counsel's effectiveness, we would dismiss the appeal as we generally defer review of claims of ineffective assistance of trial counsel to collateral review. *See Commonwealth v. Stevenson*, 287 A.3d 903, 906 n.3 (Pa.Super. 2022), *citing Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013).