J-A11001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  v.  :
  :
  :
RAHEEM STEVENSON  :
  :
  Appellant  :   No. 1157 EDA 2021

Appeal from the Judgment of Sentence Entered April 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000724-2018

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:          **FILED SEPTEMBER 12, 2024**

Raheem Stevenson appeals from the judgment of sentence of eight to sixteen years of imprisonment followed by ten years of probation, imposed after a jury convicted him of two counts of robbery and one count each of burglary and criminal conspiracy. He assails the trial court's admission of a prior burglary conviction. Consistent with the Supreme Court of the United States' decision in ***Ohler v. United States***, 529 U.S. 753 (2000), we concluded upon initial review that Appellant forfeited his ability to challenge the court's ruling when he introduced evidence of the conviction during his own testimony. Our Supreme Court, after deciding to adopt the ***Ohler*** dissent as the law of Pennsylvania, reversed and remanded the matter to this Court for consideration of the merits of Appellant's evidentiary challenge. Upon conducting this review, we affirm.

Our Supreme Court provided the following summary of the facts underlying Appellant's charges:

On December 3, 2017, Yuguang Lin (Lin) and Ruan Katie Wenting (Wenting) parked their vehicle in the area of 3000 North Franklin Street in Philadelphia, where the couple lived in an apartment above a beer distributor. After Lin and Wenting exited the vehicle, three masked men approached them and took Lin's cell phone and Wenting's purse. The men then indicated that they knew the couple lived in the building and demanded entry. Once inside, the group proceeded to an office, where the three men filled black plastic bags with money from a cash register while also taking Newport cigarettes and Black & Mild cigars from the room. After threatening Wenting with a gun, the men fled.

Wenting and Lin called police, who tracked Lin's stolen cell phone to a parked vehicle. Upon approaching the vehicle, an officer spotted a purse lying in the street under the passenger side. Inside the vehicle, the police found Shaquan Lewis (Lewis) in the driver's seat and Raheem Stevenson (Appellant) in the front passenger seat. Police also located a black plastic bag on the floor between Appellant's feet, as well as Newport cigarettes and Black & Mild cigars strewn about the center console between Lewis and Appellant. After directing Appellant to exit the vehicle, police additionally noticed that Appellant was sitting next to a black flashlight taser leaning against the center console and on top of a red wallet, which Wenting identified along with the purse as belonging to her. Upon further investigation and the execution of a search warrant, police also discovered, *inter alia*, Lin's cell phone, a ski mask, and clothing consistent with the victims' description of Appellant.

*Commonwealth v. Stevenson* ("*Stevenson II*"), ___ A.3d ___, 2024 WL 3490768, at *1 (Pa. July 22, 2024) (cleaned up).

Appellant was charged and proceeded to a jury trial. The victims testified to the details of the robbery but could identify neither Lewis nor Appellant as one of the masked robbers. Following the Commonwealth's case-in-chief, Appellant elected to testify in his own defense. Before doing so,

Appellant's counsel orally moved *in limine* to prevent the Commonwealth from asking Appellant about a 2005 burglary conviction. The following exchange occurred after the court conducted a colloquy regarding Appellant's decision to testify:

> [Trial Counsel]: Just very briefly. My client, back in 2005, had a guilty plea to the charge of burglary.
>
> . . . .
>
> [Trial Counsel]: -- I would move to preclude that from coming in. I recognize it's probably *crimen falsi*, but just because it's so remote in time how old it is.
>
> The Court: Okay. Do you want to say anything?
>
> [Commonwealth]: Your Honor, given the nature of the charges, I believe he was on – I forgot what the confinement was – I would ask that it be admissible.
>
> The Court: All right. It's admissible. It will be allowed.

N.T. Trial, 3/12/20, at 70-71.

Appellant took the stand and testified that he did not participate in the robbery in the case *sub judice* but was merely a passenger in the car where the items were found. He also admitted to owning a ski mask, which was recovered from the trunk of the vehicle, and which contained his DNA. Considering the adverse evidentiary ruling as to the motion *in limine*, counsel made the strategic decision to introduce the 2005 conviction in the following manner at the conclusion of Appellant's direct examination:

> [Trial Counsel]: [Appellant], before I turn the floor over to the district attorney, back in 2005 – I know that was some time ago – but back in 2005, you had a

- 3 -

> prior matter where you pled guilty and sentenced on a burglary case; is that correct?

[Appellant]: Yes.

*Id*. at 84. The Commonwealth did not inquire about the 2005 conviction during cross-examination or discuss it in closing argument. The trial court provided a limiting instruction during its charge to the jury regarding how it could consider the prior conviction.

Appellant was ultimately convicted and sentenced as indicated hereinabove. He filed a post-sentence motion challenging, among other things, the court's ruling on the motion *in limine*. The court denied the motion and Appellant filed the instant timely appeal. He presents the following issues for our consideration:

> Did the trial court abuse its discretion when it denied [Appellant's] motion *in limine* to preclude his 2005 burglary conviction, from which he was released from confinement thirteen years before trial, where:
>
> a) The prosecution failed to provide advance written notice of its intent to use the conviction and could not satisfy its prosecutorial burden of articulating a need to use it; and,
>
> b) The trial court admitted the conviction without first conducting Pa.R.E. 609(b)'s mandatory balancing test[?]

Appellant's brief at 3 (emphases omitted, citation altered).

As noted at the outset, this Court initially concluded that Appellant had forfeited his challenge to the trial court's ruling. Stated simply, we held that a defendant "who receives an adverse evidentiary ruling can either preserve the issue for appeal by lodging an objection to the introduction of the

evidence, or he can make a strategic choice to forfeit the objection and preemptively introduce the evidence himself. He cannot do both simultaneously." ***Commonwealth v. Stevenson*** ("***Stevenson I***"), 287 A.3d 903, 906 (Pa.Super. 2022) (footnote omitted), *rev'd and remanded*, ***Stevenson II***, 2024 WL 3490768. Our decision was premised in part upon the majority holding in ***Ohler*** that under federal law, "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." ***Ohler***, 529 U.S. at 760; ***see also Stevenson I***, 287 A.3d at 906 (citing ***Ohler*** and noting that our analysis in ***Stevenson I*** was "consistent with well-established federal law").

On appeal to our Supreme Court, the esteemed justices unanimously concluded, as a matter of first impression, that the federal rule announced by the Supreme Court of the United States does not apply in Pennsylvania:

> [W]e join the chorus of state courts that have rejected ***Ohler***'s majority ruling and hold that, consistent with the ***Ohler*** dissent and Pennsylvania law, a defendant who testifies about his convictions on direct examination after unsuccessfully litigating a motion *in limine* to exclude those convictions has not forfeited the opportunity to appeal the admissibility of those prior convictions on appeal.

***Stevenson II***, 2024 WL 3490768, at *8 (footnote omitted). Accordingly, it reversed our judgment and remanded for us to consider the merits of Appellant's claim.

This Court reviews evidentiary challenges for an abuse of discretion. *See Commonwealth v. Lawrence*, 313 A.3d 265, 275 (Pa.Super. 2024). An abuse of discretion is "not merely an error of judgment, but rather the overriding or misapplication of the law or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id*. (cleaned up).

Appellant assails the court's admission of his 2005 burglary conviction at his 2020 trial. The Pennsylvania Rules of Evidence permit the admission of *crimen falsi* convictions to impeach the credibility of the individual testifying, though it generally limits admissibility to those offenses occurring within the ten years preceding the testimony:

> **(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> (1) its probative value substantially outweighs its prejudicial effect; and
>>
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609.

Appellant was released from incarceration for the 2005 conviction in 2007. *See* Trial Court Opinion, 11/1/21, at 4 n.6. Thus, more than ten years had passed before his testimony in 2020. Accordingly, the trial court was required to consider the following factors before admitting evidence of the burglary conviction:

> 1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

*Lawrence*, 313 A.3d at 275 (cleaned up). Notably, granting the trial court discretion to conduct this test "allows for flexibility in balancing factors, according to the circumstances." *Commonwealth v. Hoover*, 107 A.3d 723, 730 (Pa. 2014). In that regard, our review does not permit us to balance the factors anew; rather, the operative "question is whether the trial court's balancing fell within its discretionary authority." *Id*. at 729.

In its opinion to this Court, the trial court detailed how examination of the five factors favored admitting the conviction. *See* Trial Court Opinion, 11/1/21, at 5-7. Alternatively, it contended that any error in permitting the testimony was harmless because Appellant suffered minimal prejudice. *Id*. at

7. The court premised this conclusion upon Appellant's choice to introduce the conviction himself, the Commonwealth's decision not to reference it thereafter, and the presumption that the jury followed the court's limiting instruction. *Id*. at 8.

As evidenced by our procedural summary, the trial court did not explicitly engage in this five-part analysis on the record before admitting the 2005 conviction. **See** N.T. Trial, 3/12/20, at 70-71. Further, the Commonwealth (1) failed to provide notice of its intent to introduce the conviction,[1] (2) did not present any evidence or meaningful argument in support of the five factors, and (3) was completely unaware of the sentence Appellant had received for that conviction. The most the Commonwealth proffered was an assertion that the conviction was admissible "given the

---

[1] Appellant waived his challenge to the Commonwealth's lack of notice by not objecting to it at the time of the motion *in limine*. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); **see also Commonwealth v. Baumhammers**, 960 A.2d 59, 73 (Pa. 2008) (explaining the well-settled rule that "issues are preserved when objections are made timely to the error or offense" (cleaned up)). Even if not waived, Appellant had a full opportunity to contest the admissibility of the conviction. Namely, counsel for Appellant was the one to make the motion *in limine* and argue against admission of the fact of the conviction. Therefore, Appellant was not surprised by its potential admission and was not prejudiced by the Commonwealth's technical violation of Rule 609(b)(2). **See Commonwealth v. Palo**, 24 A.3d 1050, 1058 (Pa.Super. 2011) (finding that Palo "cannot reasonably maintain that he lacked a fair opportunity to contest the use of [*crimen falsi*] evidence in what was a fairly straightforward case, particularly where the record establishes that the trial court conducted an in-*camera* hearing in which defense counsel gave thorough argument as to why such evidence should be excluded").

nature of the charges[.]" N.T. Trial, 3/12/20, at 70. Based upon these failings, Appellant contends that the court erred in admitting the 2005 conviction. **See** Appellant's brief at 17. He does not assess the reasonableness of the balancing conducted in the court's Rule 1925(a) opinion, insisting instead that the "court's **after-the-fact** attempt to comply with Rule 609(b)(1) . . . does not cure its reversible error." **Id**. at 15 (citation omitted, emphasis in original).

We disagree with Appellant's characterization. Despite the dearth of argument presented by the Commonwealth, the trial court nonetheless was able to conduct the requisite analysis because it could assess all five factors at the time of the motion. **See Lawrence**, 313 A.3d at 275. Unlike a motion *in limine* to admit a Rule 609(b) *crimen falsi* conviction offered before trial begins, the court here had the benefit of hearing the Commonwealth's entire case before having to rule on the admissibility of Appellant's prior conviction. Thus, while a contemporaneous analysis of the five factors is wanting in the certified record, we are not persuaded by Appellant's argument that the trial court failed to apply the balancing test before ruling on his motion *in limine*. Rather, it is evident from the recounting and explanation offered in the trial court's Rule 1925(a) opinion that it conducted the requisite analysis *sub*

*silentio* based upon its own firsthand observations from trial before ruling on the motion in *limine*.[2] **See** Trial Court Opinion, 11/1/21, at 5-7.

Specifically, the trial court made the following findings as to each factor. First, the "burglary directly reflect[ed] upon the veracity and credibility" of Appellant's testimony. **Id**. at 5. Second, the 2005 burglary "did not have a tendency to smear Appellant's character or suggest a propensity to commit a particular crime" because it was a single conviction and the court provided a limiting instruction. **Id**. at 6; **see also Hoover**, 107 A.3d at 730 (acknowledging the increased likelihood of suggesting propensity where the prior crime is identical to one for which the defendant is on trial but highlighting that the danger is lessened where there is only one such prior crime and the court properly instructs the jury on how to consider the *crimen falsi* evidence). Third, Appellant was an adult when he was convicted of the earlier burglary. Fourth, the Commonwealth's case was premised upon circumstantial evidence and Appellant was the only witness to testify regarding his connection to the stolen items. Finally, regarding the fifth factor, "a review of the record does not show an adequate alternative ground for impeaching Appellant." Trial Court Opinion, 11/1/21, at 7.

Based upon the foregoing, we are satisfied that the trial court conducted the requisite balancing test before deeming the 2005 conviction admissible,

---

[2] Certainly, it would be beneficial for the trial court to supply its reasoning at the time of ruling. However, the Rules of Evidence do not require it.

and we discern no abuse of discretion in its analysis. ***See Hoover***, 107 A.3d at 730 (reiterating that the question before this Court in reviewing the admissibility of a Rule 609(b) conviction "is not how [we] might balance all of these factors, but rather, whether the trial court's balancing so departs from what is reasonable that it can be set aside"). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/12/2024